**Joe SMITH, III, Plaintiff–Appellant,**

v.

**C.D. WHITE, et al.,
Defendants–Appellees.**

No. 88–2413.

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1988.

Joe Smith, III, Huntsville, Tex., pro se.

Jim Mattox, Atty. Gen., Gabriel G. Quintanilla, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before WILLIAMS, JONES, and SMITH, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM:

I.

Plaintiff, Joe Smith III, a *pro se* inmate at the Texas Department of Corrections, here is attempting to appeal the district court's dismissal of his civil rights complaint brought under 42 U.S.C. § 1983. Final judgment was entered March 23, 1988. On April 20, 1988, the district clerk received a notice of appeal signed only by Smith but stating that he and plaintiffs Boyce P. Roberson and Paul Montgomery were appealing from the March 23 judgment.

On April 22, 1988, the clerk returned the notice of appeal to Smith, instructing him to add a certificate of service and, if Roberson and Montgomery wished to appeal, their signatures. On April 28, 1988, the clerk received, from Smith, a notice of appeal containing a certificate of service and only Smith's signature and listing only Smith as desiring to appeal.

The record initially sent to us included only the second notice of appeal and omitted the first notice and clerk's letter returning it to Smith. Unaware that the first notice of appeal even existed, we *sua sponte* dismissed the appeal as untimely on June 8, 1988, reasoning that the April 28 notice was filed more than thirty days after March 23.

Resourcefully, Smith has filed a petition for panel rehearing, pointing out that he had filed his first notice of appeal in a timely manner. We now have supplement-

 

ed the record on appeal with copies of Smith's original notice of appeal and the clerk's letter returning it to him. The notice of appeal was stamped "received" by the district court clerk on April 20, 1988, which was within the period for filing a timely notice of appeal. The clerk's letter indeed states that the notice needs a certificate of service and requires the signatures of the other plaintiffs "*if* this is a joint appeal." (Emphasis in original.)

## II.

The district clerk was in error in requiring the appellant to include a certificate of service in his notice of appeal. "An appellant is not obliged to serve the notice of appeal on other parties to the action." 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* § 203.19[1] at 3–81 (2d ed. 1986). Rule 3(d), Fed.R.App.P., unequivocally places upon the district clerk, not the appellant, the responsibility of providing to each party, or attorney, a copy of the notice of appeal. Thus, the clerk was mistaken in returning the notice of appeal to appellant for want of a certificate of service.

Since appellant Smith had signed the notice of appeal, it was deemed filed *as to him* when the clerk received it. Hence, Smith's notice of appeal was timely and should have been recognized as a proper notice of appeal, as to Smith, when it was first received. *Houston v. Lack,* — U.S. ——, 108 S.Ct. 2379, 2384, 101 L.Ed.2d 245 (1988); *Deloney v. Estelle,* 661 F.2d 1061, 1062 (5th Cir. Nov. 1981).

Of course, as to the other defendants, no timely notice of appeal was filed. "[U]nless a party is represented by an attorney, he must sign [the notice of appeal] himself, and ... a notice of appeal naming several appellants and signed by one of them, who is not an attorney, is ineffective to initiate an appeal on behalf of the non-signers [citing cases]." 9 J. Moore, B. Ward & J. Lucas, *id.* ¶ 203.17 at 3–73 (2d ed. 1980). This rule applies as well to prison inmates. *Covington v. Allsbrook,*

636 F.2d 63, 64 (4th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1990, 68 L.Ed.2d 305 (1981).[1] In any event, since the second notice of appeal omits Roberson's and Montgomery's names entirely, it is evident that they are no longer pursuing an appeal. Moreover, we are without jurisdiction as to appellants not properly listed in the notice of appeal. *Torres v. Oakland Scavenger Co.,* — U.S. ——, 108 S.Ct. 2405, 2408–09, 101 L.Ed.2d 285 (1988).

With the now-supplemented record, it is evident that the appeal should be reinstated as to appellant Smith. The petition for rehearing is GRANTED, the dismissal order of June 8, 1988, is WITHDRAWN, and the appeal is reinstated on the docket as to appellant Joe Smith, III, only. The clerk is directed to process the appeal in the usual manner. So ordered.

---

1. This rule, to the effect that a layperson cannot represent other persons in filing a notice of appeal, should not be confused with, and is not inconsistent with, our holding in *McNeil v. Blackburn,* 802 F.2d 830, 832 (5th Cir.1986). There, we determined that the failure of an appellant to sign *his own* notice of appeal did not deprive this court of jurisdiction. Since Smith signed his own notice, the question addressed in *McNeil* is not pertinent here.