**Roosevelt MILLER, Plaintiff–Appellant,**

v.

**George SUMNER, Director, Nevada Department of Prisons; State Attorney General of Nevada, Defendants–Appellees.**

No. 88–1798.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 1989. *

Decided March 22, 1989.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a); 9th Cir.R. 34.4.

Before BRUNETTI, KOZINSKI and NOONAN, Circuit Judges.

PER CURIAM:

Roosevelt Miller bribed the same police officer thirteen times, and was convicted in Nevada state court of thirteen separate counts of bribery. After exhausting his state court remedies, *see Lewis v. State*, 100 Nev. 456, 686 P.2d 219 (1984) (direct appeal); *Miller v. Director of Nevada Prisons*, No. 17090 (Nev. Dec. 29, 1986) (appeal of denial of writ of habeas corpus), Miller filed a petition in federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). His petition was denied, *Miller v. Sumner*, No. CV-S-87-140-PMP (D.Nev. Dec. 16, 1987), and Miller appeals.

Before we can turn to the merits of Miller's appeal, we must determine whether or not we have jurisdiction. An appellant in a civil case [1] must file a notice of appeal within thirty days of the entry of the order appealed from. Fed.R.App.P. 4(a)(1). This time limit is jurisdictional. *Rodgers v. Watt*, 722 F.2d 456, 457–58 (9th Cir.1983) (en banc). The district court entered its order denying the writ on December 16, 1987. Miller's deadline was accordingly January 15, 1988. His notice of appeal was not filed with the Clerk of Court until February 10.

Notices of appeal filed by pro se prisoners such as Miller, however, are deemed filed when they are delivered to prison authorities for forwarding to the court. *Houston v. Lack*, — U.S. —, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). Miller's notice of appeal is signed and dated January 6, 1988, nine days prior to the

---

Roosevelt Miller, Jean, Nev., pro se.

Brian Randall Hutchins, Chief Deputy Atty. Gen., Criminal Justice Div., Carson City, Nev., for defendants-appellees.

1. This is a civil case. *See, e.g., Houston v. Lack,* — U.S. —, 108 S.Ct. 2379, 2381, 101 L.Ed.2d 245 (1988).

deadline. We have no record of when Miller delivered the notice of appeal to prison authorities, so we are unable to determine whether he did so before or after January 15.

■ This appears to be the first case in this circuit since *Houston* to confront this issue, which is likely to be a recurrent one. The issue has arisen twice in the Fifth Circuit, *Thompson v. Montgomery*, 853 F.2d 287 (5th Cir.1988) (per curiam), and *Logan v. Central Freight Lines*, 858 F.2d 993 (5th Cir.1988) (per curiam), which held that the proper course was to remand to the district court for a determination of whether the notice of appeal was delivered to prison authorities on time. While this procedure may substantially delay review of prisoner petitions, we agree that it is the best course to follow, because even greater deficiencies accompany the two alternatives: A presumption of timeliness would encourage prisoners to fraudulently backdate notices of appeal; a presumption of untimeliness would encourage prison officials, who often are the appellees in these suits, to delay mailing notices of appeal. Remand to the district court for a determination of timeliness appears to be the only available method of following the dictates of *Houston.*

We thus remand the case to the district court. If Miller delivered the notice of appeal to prison authorities on or before January 15, 1988, the district court should issue a certificate of probable cause pursuant to Fed.R.App.P. 22(b). Only then will we have jurisdiction over this appeal.