**Gilbert HOSTLER, Plaintiff–Appellant,**

**v.**

**Captain GROVES; Robert J. Flanagan; David R. Mackay; Robert I. Cassady; Frank Terry; Richard T. Cezanc; Donald B. Wawrzaszek; Troy West, Defendants–Appellees.**

**No. 88–2734.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 1990 *.

Decided Aug. 30, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before CHOY, THOMPSON and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Gilbert Hostler, an incarcerated prisoner, appeals *pro se* the district court's grant of summary judgment to appellees, various prison officials, in this 42 U.S.C. § 1983 action. We remand for a determination of whether Hostler timely submitted his notice of appeal to prison authorities for forwarding to the district court.

## PROCEDURAL BACKGROUND

The district court entered its final judgment on June 1, 1987. In a letter dated June 29, 1987, Hostler wrote to the Clerk of the district court:

> Enclosed you will find a Notice of Appeal for the above-referenced cause; however, earlier this morning I submitted a Motion for Relief from Judgment in the same case.

> The Federal Rules of Civil Procedure, nor [sic] the Local Rules provide for the filing of a Notice of Appeal after a Motion for Relief from Judgment pursuant to Rule 60(b), F.R.C.P. has been ruled on in the event the Court does not rule on the Motion for Relief from Judgment until after the 30 day time limit—for filing a notice of appeal—has expired.

> It is my wish that the Motion for Relief from Judgment be heard; however, not at the risk of losing my right to appeal. If the Notice of Appeal can be "Lodged" pending the outcome of the Motion for Relief from Judgment without causing the Notice of Appeal to be untimely filed, then please do so. Otherwise, I want the Notice of Appeal filed in a timely manner, regardless of the outcome of the Motion for Relief from Judgment.

Gilbert Hostler, Florence, Ariz., in pro per.

Mariannina E. Preston, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

The accompanying envelope bears a postmark of July 3, 1987.[1] In his "Motion for Relief from Judgment," also dated June 29,

---

1. Hostler sent a copy of this letter to the district court judge. The envelope accompanying the

copy also bears the postmark of July 3, 1987.

1987, Hostler argued that the district court misconstrued pertinent case law and made mistaken factual findings.

Hostler's Notice of Appeal was "lodged" on July 6, 1987. In a letter dated July 8, 1987, the Clerk wrote to Hostler: "Please be advised that your Notice of Appeal was received and lodged on July 6, 1987 pending disposition of your Motion for Relief from Judgment." The district court denied Hostler's motion for reconsideration in an order entered on April 27, 1988. In a letter dated May 4, 1988, Hostler wrote to the Clerk requesting that his Notice of Appeal be filed. Hostler's Notice of Appeal was filed on May 9, 1988.

## ANALYSIS

Although neither party raised the issue of whether we have jurisdiction over this appeal, we must address the question *sua sponte*. *United Artists Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265, 1267 (9th Cir.1985).

### 1. *Date of Filing*

■ Federal Rule of Appellate Procedure 4(a)(1) requires that notices of appeal "be filed with the clerk of the district court within 30 days after the date of entry of the judgment." Fed.R.App.P. 4(a)(1); *see also* 28 U.S.C. § 2107 (1988). Motions brought under Federal Rule of Civil Procedure 60(b) do not toll the time for filing a notice of appeal. Rule 60(b) specifically provides: "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Fed.R. Civ.P. 60(b). Thus, the Clerk erred in believing that Hostler could wait to file his notice of appeal until after the court decided appellant's Motion for Reconsideration.[2] In light of Hostler's express direction to the Clerk and his *pro se* status, however, we conclude that we may deem the notice of appeal filed as of the date it was lodged with the district court.

### 2. *Applicability of Houston v. Lack*

■ Deeming the notice of appeal filed as of the date it was lodged will not benefit Hostler, however, if he did not timely submit the documents to the Clerk in the first place. Under Federal Rule of Appellate Procedure 4(a)(4), Hostler was required to submit his notice of appeal by or on July 1, 1987. Although Hostler's motion for reconsideration and notice of appeal were dated June 29, 1987, they were not received by the Clerk until July 6, 1987. As mentioned above, envelopes accompanying the letter and notice of appeal bore postmarks of July 3, 1987.

In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that under Rule 4(a)(1) a *pro se* prisoner's notice of appeal from denial of a petition for habeas corpus was deemed filed at the moment the prisoner delivered the notice to prison authorities for forwarding to the district court. *See Miller v. Sumner*, 872 F.2d 287, 288 (9th Cir.1989), *dismissed after remand*, 910 F.2d 638, 639 (9th Cir.1990) ("For the exception to filing requirements for *pro se* prisoner appeals to apply, the notice must be posted through the prison log system.")

#### a. Application to Non-habeas Cases

The opinion in *Houston* gives no indication that its holding should be limited to habeas cases. The Court noted that a *pro se* prisoner cannot personally monitor the processing of a notice of appeal and "has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." 487 U.S. at 271, 108 S.Ct. at 2382. The Court also noted that a prisoner has no means of proving that a delay may have been the fault of prison authorities, as "[t]he prison will be the only party with access to at least some of the evidence needed to resolve such questions ... and

---

**2.** Motions brought under Fed.R.Civ.P. 52(b) (to amend or make additional findings of fact) or under Fed.R.Civ.P. 59(e) (to alter or amend judgment) do toll the time for filing notices of appeal. Fed.R.App.P. 4(a)(4). Appellant's mo-

tion could not have been considered a Rule 52(b) or a Rule 59(e) motion, however, because it was not made within ten days of entry of judgment. *See* Fed.R.Civ.P. 52(b), 59(e).

evidence on any of these issues will be hard to come by for the prisoner confined to his cell, who can usually only guess whether the prison authorities, the Postal Service, or the court clerk is to blame for any delay." *Id.* at 276, 108 S.Ct. at 2386.

*Pro se* prisoners experience similar difficulties in filing appeals from non-habeas civil suits. In fact, prison authorities would have greater incentive to delay the processing of section 1983 suits, since such suits often target prison officials. The only circuit that has faced this question has assumed, without analysis, that *Houston* applies to non-habeas civil suits. *See Smith v. White,* 857 F.2d 1042, 1043 (5th Cir.1988); *cf. Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir.1989) (citing *Houston,* court deemed objections to magistrate's report in section 1983 case timely since timely mailed from prison), *cert. denied,* —— U.S. ——, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990). Given the broad language of *Houston* and its important policy concerns, we conclude that *Houston* applies to notices of appeal filed in non-habeas civil cases by incarcerated prisoners acting *pro se.*

b. Retroactivity

■ This circuit has not directly addressed whether *Houston* should be applied retroactively. In *Miller v. Sumner,* 872 F.2d at 287, where the untimely filing occurred prior to the decision in *Houston,* the panel apparently assumed that *Houston* would apply retroactively. Specifically, the panel stated that if the district court determined the appellant had timely delivered his notice of appeal, the district court should issue a statement of probable cause: "Only then will we have jurisdiction over this appeal." 872 F.2d at 289.[3] We now confirm that *Houston* will be applied retroactively.

"[A] fundamental principle of our jurisprudence is that a court will apply the law as it exists when rendering its decision." *DeGurules v. INS,* 833 F.2d 861, 863 (9th

Cir.1987); *Bradley v. School Board of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *see also Reed v. Hoy,* 891 F.2d 1421, 1424 (9th Cir.1989), *amended,* 909 F.2d 324, 331 (9th Cir.1990) (decision reformulating federal civil law will ordinarily be applied retroactively).

Under *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), a court determining whether to apply a decision retroactively must consider: "(1) whether the decision establishes a new principle of law; (2) whether retroactive application will further or retard the purposes of the rule in question; and (3) whether applying the new decision will produce substantial inequitable results." *Rivera v. Green,* 775 F.2d 1381, 1383 (9th Cir.1985), *cert. denied,* 475 U.S. 1128, 106 S.Ct. 1656, 90 L.Ed.2d 198 (1986); *see also Reed,* 891 F.2d at 1424–25.

It is fair to say that *Houston* established a new principle of law. *See Houston,* 487 U.S. at 274, 108 S.Ct. at 2384 (acknowledging "general rule in civil appeals" that notice is not filed upon merely placing it in the mail to clerk); *Allen v. Schnuckle,* 253 F.2d 195, 197 (9th Cir.1958). However, retroactive operation would further *Houston's* underlying policy of not penalizing *pro se* prisoners who timely deliver notices of appeal to prison authorities for delays over which they have no control. In addition, retroactive application of *Houston* would not produce substantial inequitable results. *Cf. Krug v. Imbordino,* 896 F.2d 395, 397 (9th Cir.1990) (where intervening case lengthens statute of limitation period for filing section 1983 complaint, case will be applied retroactively); *Marks v. Parra,* 785 F.2d 1419, 1419–20 (9th Cir.1986) (same); *Rivera v. Green,* 775 F.2d at 1383–84 (same; noting importance of access to courts for section 1983 litigants and disfavored nature of statute of limitation defense). On balance, we conclude that these factors weigh in favor of retroactive application of *Houston.*[4]

---

3. In the only other Ninth Circuit case applying *Houston,* the panel expressly stated that it did not have to reach the issue of whether *Houston*

should be applied retroactively. *United States v. Angelone,* 894 F.2d 1129, 1131 (9th Cir.1990).

4. We note that the Fifth Circuit has assumed, without analysis, that *Houston* applies retroac-

### c. Necessity of a Remand

In *Miller v. Sumner*, we held that where the court had no record of when the appellant delivered the notice to prison authorities, "the proper course was to remand to the district court for a determination of whether the notice of appeal was delivered to prison authorities on time." 872 F.2d at 289. The court stated that a presumption of timeliness "would encourage prisoners to fraudulently backdate notices of appeal," whereas a presumption of untimeliness "would encourage prison officials, who often are the appellees in these suits, to delay mailing notices of appeal." *Id.* *Miller* applies here, as we do not know when Hostler submitted his notice of appeal to prison authorities for forwarding to the Clerk.

### CONCLUSION

In light of Hostler's express instructions to the Clerk and his *pro se* status, we presume that his notice of appeal was filed as of the date it was lodged in the district court. However, if he did timely submit the notice to prison authorities for forwarding to the district court, then under *Houston v. Lack* we would consider his appeal to be timely.

On remand, the district court shall determine whether Hostler delivered his notice of appeal to prison authorities before July 1, 1988. If so, the appeal shall be permitted. This panel will retain assignment of this case.

REVERSED and REMANDED for further proceedings consistent with this opinion.

tively. *Smith v. White,* 857 F.2d at 1042; *cf. Smith v. Evans,* 853 F.2d 155, 161–62 (3d Cir. 1988) (applying *Houston* retroactively to untimely Rule 59(e) motion).