968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney John PRUITT, Defendant-Appellant.
 No. 91-10432.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1992.*
Decided July 15, 1992.
 
 Before ALARCON, CYNTHIA HOLCOMB HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Rodney Pruitt pleaded guilty to conspiracy to import marijuana in violation of 21 U.S.C. § 963. He was sentenced to four years imprisonment, plus a special parole term of three years, a fine of $50,000 and a special assessment of $50. Pruitt moved to modify his sentence under Fed.R.App.P. 35, based on the disparity between his own sentence and those of two other co-conspirators. The district court denied the motion and he appeals.
 
 
 3
 The government argues that Pruitt's notice of appeal was not timely pursuant to Fed.R.App.P. 4(b), and his appeal should be dismissed. "A timely notice of appeal is jurisdictional." McCalden v. California Library Assoc., 955 F.2d 1214, 1217 (9th Cir.1990) cert. denied, 112 S.Ct. 2306 (1992). Rule 4(b) provides that the notice of appeal by a defendant in a criminal case shall be filed in the district court within 10 days after the entry of "the judgment or order appealed from." Fed.R.App.P. 4(b).
 
 
 4
 The district court filed a judgment in Pruitt's case on September 18, 1990. Pruitt's motion for a modification was denied in a minute order on July 15, 1991. The district court entered an amended judgment on July 26, 1991. Pruitt filed his notice of appeal on July 31, 1991. Whether Pruitt's notice was timely depends on whether the time for filing ran from the denial of his motion on July 15, or from the amended judgment on July 26.
 
 The Supreme Court has noted that
 
 5
 the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly settled with finality.
 
 
 6
 FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-212 (1952). In the present case, we find that the amended judgment of the district court has not "disturbed or revised" any of the rights or obligations at issue. With respect to the sentence imposed by the court, the amended judgment merely clarified the method of payment of the fine (monthly installments, to begin upon release), and moved the self-surrender deadline forward by five days. The severity of the sentence, including the three year term of imprisonment at issue in Pruitt's motion for a modification, was unaltered. Compare United States v. Antonie, 953 F.2d 496, 497 n. 1 (9th Cir.1991) (where original judgment did not state whether appellant's sentence would run concurrently or consecutively with his state sentence, the amended judgment stating that sentences would run concurrently "disturbed or revised legal rights and obligations" and thirty day filing period for appeal began anew).
 
 
 7
 Since the amended judgment did not start the time for appeal anew, the time ran from July 15, so the July 31 filing was not within the required ten day period. But Pruitt was filing his notice pro se from prison. Notice of appeals filed by pro se prisoners are deemed filed when they are delivered to prison authorities for forwarding to the court. Houston v. Lack, 487 U.S. 266 (1988). The record does not show when Pruitt delivered the notice of appeal to prison authorities, so we are unable to determine whether his notice was timely under Houston. We must, therefore, remand to the district court for a determination of whether Pruitt delivered the notice of appeal to prison authorities within ten days of denial of his motion. Miller v. Sumner, 872 F.2d 287, 289 (9th Cir.1989).
 
 
 8
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3