995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence Daniel CALDWELL, Plaintiff-Appellant,
v.
UNITED STATES of America; Michael E. Amend, Inspector,
United States Marshals Service, Baltimore, Maryland; Don M.
Lamb, Deputy Marshal, United States Marshals Service,
Portland, Oregon, individually and officially, Defendants-Appellees.
 No. 92-35485.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1993.*
Decided June 11, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Daniel Caldwell is a federal prisoner who appeals pro se from the judgment of the district court dismissing his civil action. We remand to the district court because we cannot determine from the record whether we have jurisdiction over Caldwell's appeal.
 
 
 3
 Caldwell brought this action in 1987 alleging that U.S. Marshals confiscated his personal property during a search of his home and subsequently damaged some of the property. In January 1992, a jury returned a verdict in favor of the defendants, and judgment was entered on January 29, 1992. Caldwell filed a "Motion for Judgment N.O.V." pursuant to Federal Rule of Civil Procedure 50(b) on February 21, 1992. The motion and proof of service were dated February 10, 1992. After the district court denied the motion on April 2, 1992, Caldwell filed a notice of appeal on May 26, 1992. The appellees contend that this court does not have jurisdiction because the notice of appeal was not timely filed.
 
 
 4
 Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal be filed within 60 days of the entry of judgment in cases where the United States is a party. Fed.R.App.P. 4(a)(1). However, a timely motion pursuant to Fed.R.Civ.P. 50(b) changes this deadline. Under Fed.R.App.P. 4(a)(4), an appellant may file a notice of appeal within 60 days of the entry of an order denying a timely Rule 50(b) motion. Fed.R.App.P. 4(a)(4). Rule 4's requirements are jurisdictional, Miller v. Sumner, 872 F.2d 287, 288 (9th Cir.1989) (per curiam) ["Miller I "], and there are no exceptions for pro se prisoners. Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir.1988).
 
 
 5
 Caldwell filed his notice of appeal within 60 days of the date of the district court's order denying his Rule 50(b) motion. If this motion was timely, then the notice of appeal was also timely under Rule 4(a)(4). However, if the Rule 50(b) motion was not timely, then Rule 4(a)(4) would not apply to extend the deadline, and this court would not have jurisdiction because the notice of appeal was not filed within 60 days of the entry of judgment.
 
 
 6
 We cannot discern from the record whether the Rule 50(b) motion was timely filed. Rule 50(b) provides that motions for judgment after trial must be filed "not later than 10 days after entry of judgment." Fed.R.Civ.P. 50(b). However, a pro se prisoner's documents are deemed to be "filed" when the prisoner delivers the pleadings to prison authorities to be forwarded to the district court. Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir.1993).
 
 
 7
 The judgment was entered on January 29, 1992, and Caldwell was required to file his Rule 50(b) motion by February 12, 1992.[1] Caldwell
 
 
 8
 § motion was dated February 10, but was not filed until February 21. There is nothing in the record to indicate when Caldwell delivered his motion to prison authorities, or whether he mailed the documents himself in a prison mailbox.[2] Therefore, we remand to the district court for a determination of the timeliness of Caldwell's Rule 50(b) motion. See Miller I, 872 F.2d at 289. If Caldwell delivered the motion to prison authorities on or before February 12, 1992, then his notice of appeal was timely and this court will have jurisdiction over his appeal.
 
 
 9
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Intermediate Saturdays and Sundays are excluded in the computation, since the period involved is less than eleven days. Fed.R.Civ.P. 6(a)
 
 
 [2]
 If Caldwell did mail the documents himself, then he cannot invoke the prisoner exception to the normal filing requirements. Miller v. Sumner, 921 F.2d 202, 203-04 (9th Cir.1990)