8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth John FALCONE, Plaintiff-Appellant,
v.
Sharon BREVAIRE, Irene Connor, Cynthia L. Aydlett, Marshall
Wayne, and Christian Loughran, Defendants-Appellees.
 No. 92-16491.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth John Falcone, an incarcerated prisoner appearing pro se, appeals the dismissal of his civil rights action without prejudice for failure to file a status report with the United States District Court for the District of Arizona.
 
 
 3
 On November 20, 1992, the district court stayed Falcone's civil rights action pursuant to 28 U.S.C. § 1983 to permit Falcone to exhaust his state court remedies and, if necessary, to permit him to pursue his federal remedies with a petition for a writ of habeas corpus. See Kenny v. Young, 907 F.2d 874, 876-78 (9th Cir.1990), cert. denied, 498 U.S. 1126 (1991). The court ordered Falcone to submit a status report every 120 days. The court cautioned Falcone that the failure to file the status reports might result in the dismissal of his action. Falcone filed his first report when it was due on March 17, 1992. His second status report, which was due to be filed on or before July 17, 1992, was not filed with the court. The court dismissed Falcone's action.
 
 
 4
 On appeal, Falcone contends he presented his completed status report plus copies to officials in the Maricopa County, Arizona, jail on July 14, 1992, for mailing to the District Court in Tucson, Arizona. However, the district court did not receive the status report by July 17, 1992 and dismissed the action. Falcone says he was unaware that the status report was not delivered to the court until he received the notice of dismissal. Falcone also alleges he mailed a copy to the Arizona Attorney General's Office on July 14, 1992. The Attorney General has not filed a response to Falcone's appellate brief. Thus we do not know if that office received the status report on time, or if it should have because of a timely postmark.[1]
 
 
 5
 "A prisoner has no means of proving that a delay may have been the fault of prison authorities, as '[t]he prison will be the only party with access to at least some of the evidence needed to resolve such questions ... and evidence ... will be hard to come by for the prisoner confined to his cell, who can usually only guess whether the prison authorities, the Postal Services, or the court clerk is to blame for any delay.' " Hostler v. Groves, 912 F.2d 1158, 1160-61 (9th Cir.1990) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)), cert. denied, 498 U.S. 1120 (1991).
 
 
 6
 We have held that where the court has no record of when an inmate delivers documents for delivery or mailing to a court, "the proper course [is] to remand to the district court for a determination of whether the [document] was delivered to prison authorities on time." Miller v. Sumner, 872 F.2d 287, 289 (9th Cir.1989) (concerning the timeliness of a notice of appeal), appeal decided by 921 F.2d 202 (9th Cir.1990). On remand, the district court shall determine whether Falcone delivered his status report to prison authorities on or before July 14, 1992. If so, Falcone's action shall be reinstated.
 
 
 7
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In a letter to Falcone dated October 5, 1992, the Sheriff's Office of Maricopa County stated that it did not keep logs of outgoing mail, but "[a]ny mail collected by Detention Officers is taken to the Post Office each morning, Monday through Friday."