19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Romulo SARAUSAD; Rosa Sarausad, Debtors.
Romulo Sarausad; Rosa Sarausad, Appellants,
v.
LAW OFFICES OF JEAN SCHIEDLER-BROWN & ASSOCIATES, Appellee.
 No. 93-35240.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 13 debtors Romulo and Rosa Sarausad appeal from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order allowing the Law Offices of Jean Schiedler-Brown's ("Schiedler-Brown") claim for $16,882.76 in attorney's fees. We dismiss in part and affirm in part.
 
 
 3
 We first consider sua sponte the scope of our jurisdiction over this appeal. See Hostler v. Groves, 912 F.2d 1158, 1160 (9th Cir.1990), cert. denied, 498 U.S. 420 (1991).
 
 
 4
 The BAP entered its judgment on December 30, 1992. The Sarasauds filed a motion for rehearing on January 13, 1993. The BAP denied the motion on February 4, 1993, and the Sarasauds filed a notice of appeal on February 16, 1993.
 
 
 5
 We construe the Sarasauds' motion for rehearing as a motion for relief from judgment under Fed.R.Civ.P. 60(b) because it was filed more than 10 days after the BAP entered its judgment. See Fed.R.Civ.P. 60(b) & 59(e).[1] An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Accordingly, to the extent the Sarasauds appeal the BAP's December 30, 1992 judgment affirming the bankruptcy court's order granting Schiedler-Brown's claim for attorney's fees, we dismiss the appeal for lack of jurisdiction. See Fed.R.App.P. 4(a)(1) (notice of appeal must "be filed with the clerk of the district court within 30 days after the date of entry of the judgment").
 
 
 6
 Our review is limited to the BAP's denial of the Sarasauds' Rule 60(b) motion. See Molloy, 878 F.2d at 315. We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Id. (quotations omitted).
 
 
 7
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 8
 In their motion, the Sarasauds alleged that a rehearing was necessary because the BAP never "understood or heard correctly" the Sarasauds' "side of [the] case." The Sarasauds failed, however, to set forth any of the grounds for relief from judgment under Rule 60(b). See id. Given these circumstances, the BAP did not abuse its discretion by denying the Sarasauds' motion for a rehearing. See Molloy, 878 F.2d at 315.[2]
 
 
 9
 DISMISSED in part, AFFIRMED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bankruptcy Rules 9023 and 9024 provide that Fed.R.Civ.P. 59(e) & 60(b) apply to cases under the Bankruptcy Code
 
 
 [2]
 We deny Schiedler-Brown's request for sanctions on appeal pursuant to Fed.R.App.P. 38