**Gregorio A. CRUZ, Plaintiff—Appellant,**

v.

**COUNTY OF LOS ANGELES, a political subdivision of the State of California; Denise McCormick, Deputy, Defendants—Appellees.**

No. 02-56009.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2003.

Decided May 27, 2003.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM *

Gregorio Cruz appeals from the district court's dismissal of his 42 U.S.C. § 1983 action.[1]

We consider the timeliness of an appeal *sua sponte.* *Hostler v. Groves,* 912 F.2d 1158, 1160 (9th Cir.1990). A notice of appeal is timely when filed "within 30 days after the judgment or order appealed from is entered." Fed. R.App. Proc. 4(a)(1)(A). If, however, a party timely files a tolling motion, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R.App. Proc. 4(a)(4)(A). A motion for reconsideration that is not filed within 10 days of the entry of a final order does not toll the time to file an appeal under Rule 4(a)(4)(A)(iv). *Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1462 (9th Cir.1992); *Straw v. Bowen,* 866 F.2d 1167, 1171 (9th Cir.1989).

The district court entered its order dismissing the action on February 12, 2002. The deadline for filing a timely motion for reconsideration (*i.e.,* one that would toll the time within which to file a notice of appeal) was thus February 27.[2] Cruz, however, did not file his motion for reconsideration until March 14. Thus, the motion was untimely and did not toll the time within which to file a notice of appeal from the order of dismissal. As a result, Cruz's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recount them here.

2. Where, as here, the deadline is less than 11 days, the timeliness calculation excludes intermediate Saturdays, Sundays, and legal holidays. Fed. R. Civ. Proc. 6(a). The date of entry of judgment is also excluded. *Id.* In this case, the calculation excludes President's Day, which fell on February 15, 2002.

notice of appeal, which he filed on June 6, 2002, was well past the 30–day deadline for a notice of appeal from the February 12 dismissal order. Fed. R.App. Proc. 4(a)(1)(A). We therefore dismiss Cruz's untimely appeal from the order of dismissal for lack of appellate jurisdiction.[3] *Straw,* 866 F.2d at 1171.

The notice of appeal, however, was timely with respect to the order denying Cruz's motion for reconsideration, which was entered on May 7, 2002. Therefore, we have jurisdiction over the order denying reconsideration. *Mt. Graham Red Squirrel,* 954 F.2d at 1463; *Straw,* 866 F.2d at 1171.

We review the district court's denial of a motion for reconsideration for an abuse of discretion. *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000). Cruz argues that *Fairley v. Luman,* 281 F.3d 913 (9th Cir.2002), which was filed three days after the district court dismissed his complaint, rendered a change in law that warranted reconsideration of the dismissal order.

We construe a motion for reconsideration filed more than 10 days after the entry of a final order as a motion based on Federal Rule of Civil Procedure 60(b). *Mt. Graham Red Squirrel,* 954 F.2d at 1463 n. 35; *Straw,* 866 F.2d at 1171. In this instance, Cruz's only possibility for relief from the dismissal order is under the catch-all provision of Rule 60(b)(6), which "has been invoked to relieve a party of a final judgment in 'extraordinary circumstances.'" *Clifton v. Attorney General,* 997 F.2d 660, 665 (9th Cir.1993). Even assuming, however, that *Fairley* rendered a change in the law, "a subsequent change in law cannot itself constitute an extraordinary circumstance sufficient to entitle the district court to vacate a final judgment on its own initiative." *Id.* Because Cruz seeks relief based on a change in law, he is not entitled to relief under Rule 60(b)(6). The district court thus did not abuse its discretion in denying his motion for reconsideration. *Mt. Graham Red Squirrel,* 954 F.2d at 1463.

Cruz's appeal from the order of dismissal is dismissed, and the order denying Cruz's motion for reconsideration is affirmed.

**DISMISSED in part and AFFIRMED in part.**

---

**3.** Cruz contends that he should be excused from complying with Rule 4(a)(4)(A)(iv)'s 10–day requirement because compliance with the district court's pre-filing, meet-and-confer rule prevented his timely compliance. *See* C.D. Cal. Local Rule 7–3. The facts of this case do not appear to preclude compliance with the local rule; moreover, we do not read the rule as precluding the filing of a timely protective motion, followed by prompt compliance with its meet-and-confer require-

---

ments, when literal compliance with rule would be impossible.

