**STARRAG and Starrag–Heckert Inc., Plaintiffs—Appellants,**

v.

**MAERSK INC., a New York corporation and Maersk Pacific Ltd., a California corporation, Defendants—Appellees.**

No. 02–57180.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Michael W. Lodwick, Esq., Lewis Brisbois Bisgaard and Smith LLP, Costa Mesa, CA, for Plaintiff–Appellant.

Theodore H. Adkinson, John D. Giffin, Keesal Young & Logan, Long Beach, CA, for Defendant–Appellee.

Before: PREGERSON, MCKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Starrag and Starrag–Heckert, Inc. (collectively, "Starrag") appeal the District Court's grant of partial summary judgment in favor of Maersk Inc. and Maersk Pacific Ltd. We take note sua sponte that Starrag untimely appealed and dismiss this interlocutory appeal. *Hostler v. Groves*, 912 F.2d 1158, 1160 (9th Cir.1990) (raising question of appellate jurisdiction sua sponte).

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that notices of appeal "be filed with the district clerk within 30 days after the ... order appealed from is entered." *See also* 28 U.S.C. § 2107(a) (2000) ("[N]o appeal shall bring any ... order ... in [a] proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such ... order....").

The District Court entered its partial summary judgment order on November 5, 2002. Starrag was required to file its notice of appeal with the district court clerk "within 30 days after the ... order

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

appealed from is entered." Fed. R.App. P. 4(a)(1)(A). Counting thirty days from the date of entry of the order, the last day on which Starrag could file a timely notice of appeal was December 5, 2002. *See* Fed. R.App. P. 26(a). Starrag, however, filed the notice of appeal with the District Court on the following day, December 6, 2002.

We ordered Starrag to show cause why this interlocutory appeal should not be dismissed. Starrag admits that the appeal was filed on December 6, 2002, but raises two arguments as to why Starrag has shown cause not to have this appeal dismissed.

We reject Starrag's claims. The District Court did not violate the equal protection component of the Fifth Amendment Due Process Clause simply because other federal district courts have longer "business hours," *see* Fed.R.Civ.P. 77(c) (providing that "[t]he clerk's office ... shall be open during business hours ..." without defining "business hours"), any more than differences in circuit rules violate equal protection.

Starrag's claim that Federal Rule of Appellate Procedure 4 does not govern interlocutory appeals is specious. First, it is true that 28 U.S.C. § 1292 does not expressly state that it is subject to the time for filing a notice of appeal set forth in Rule 4. It, however, is indisputable that Rule 4(a) applies to appeals pursuant to § 1292(a)(3) appellate jurisdiction. *See, e.g., In re White Cloud Charter Boat Co.,* 813 F.2d 1513, 1515–16 (9th Cir.1987) (analyzing Rule 4(a)(1) and former 28 U.S.C. § 2107 to determine whether an appeal under the court's § 1292(a)(3) jurisdiction was timely). Second, Starrag's attempt to recharacterize its interlocutory appeal as permissive under 28 U.S.C. § 1292(b) is not well-taken. Starrag took this appeal as of right under § 1292(a)(3). Third, policy concerns of finality are inapposite to the

disposition of this appeal. The text of Rule 4(a)(1)(A) and 28 U.S.C. § 2107 govern our timeliness analysis. Finally, whether efficient or not, this order follows from our lack of jurisdiction to entertain Starrag's untimely interlocutory appeal. *Browder v. Director, Ill. Dep't of Corr.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (noting thirty-day time limit is "mandatory and jurisdictional").

Accordingly, we dismiss Starrag's appeal as untimely. Given our lack of jurisdiction, we do not consider any other issue raised on appeal.

DISMISSED.