**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-16976 |
| Plaintiff - Appellee, | D.C. Nos.   1:03-cv-06609-AWI |
| v. | 1:98-cr-05294-AWI-1 |
| VICTOR LAMONT BROWN, | |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted September 17, 2015[**]
San Francisco, California

Before: CALLAHAN, CHRISTEN, and FRIEDLAND, Circuit Judges.

After a jury trial, Victor Brown was convicted of conspiring to traffic in cocaine, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 853. Brown filed a timely motion to vacate or set aside

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his conviction pursuant to 28 U.S.C. § 2255, which the district court denied on the merits. Brown then filed a Rule 60(b) motion asking the district court to reopen his § 2255 motion, which the district court construed as an uncertified second or successive § 2255 motion and dismissed for lack of jurisdiction.

Brown now appeals the district court's order denying his Rule 60(b) motion, as well as the district court's order denying his original § 2255 motion, seeking review of the merits as to certain claims presented therein. We dismiss as untimely Brown's appeal of the district court's order denying his § 2255 motion, and affirm the district court's order dismissing Brown's Rule 60(b) motion for lack of jurisdiction.

## I. Brown's § 2255 Appeal

This court does not have jurisdiction to review the district court's order denying Brown's § 2255 motion because Brown failed to file a timely notice of appeal ("NOA") of that order. An appeal from a district court to a court of appeals may be taken only by filing a timely NOA. Fed. R. App. P. 3(a); 4(a)(1). Failure to file a timely NOA deprives the court of appeals of jurisdiction to review the judgment. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978). If neither party objects to an untimely NOA, this court must raise the issue sua

sponte. *See Hostler v. Groves*, 912 F.2d 1158, 1160 (9th Cir. 1990).

If, as here, the United States is a party to a civil action, a NOA must be filed within 60 days after the entry of the judgment or order that the appellant wishes to appeal. Fed. R. App. P. 4(a)(1)(B)(i). The commencement of the period for filing a NOA is triggered by the proper entry of the judgment or order to be appealed in the civil docket. *Williams v. Borg*, 139 F.3d 737, 739 (9th Cir. 1998); Fed. R. Civ. P. 58, 79(a). Here, the commencement of the NOA period relating to Brown's § 2255 motion was triggered by the entry into the docket of the district court's order denying the § 2255 motion on April 20, 2012. A Rule 59 motion to alter or amend the judgment, however, resets the notice-of-appeal period. Fed. R. App. P. 4(a)(4)(A)(iv). On July 11, 2012, the district court's order denying Brown's Rule 59(e) motion was entered into the docket, triggering the recommencement of the NOA period. Thus, the relevant 60-day NOA period began on July 12, 2012, and was set to expire on September 9, 2012.

On August 1, 2012, Brown delivered a motion seeking "an extension of time to file his Certificate of Appealability" to prison officials for filing. Construing Brown's pro se motion liberally, as we must, we interpret this filing as a motion for extension of time to file a NOA brought pursuant to Federal Rule of Appellate

Procedure 4(a)(5). Rule 4(a)(5) permits a district court to extend the time to file a NOA if a party so moves within 30 days of the expiration of the 60-day clock, but only permits the district court to extend the deadline to 1) 30 days after the close of the NOA period (which in this case would be October 9, 2012), or 2) 14 days after the date when its order granting the motion to extend is entered—whichever is later. This request for an extension cannot itself be construed as a NOA because it did not specify the order or judgment from which Brown planned to appeal, or the court to which an appeal would be taken. Fed. R. App. P. 3(c).[1]

On October 29, 2012, the district court entered an order providing Brown until "Thursday, January 31, 2013 to file his motion for a certificate of appealability with the Court." But, interpreting Brown's motion as seeking an extension of the NOA deadline, the district court's authority was limited to extending the deadline to November 13, 2012, 14 days after the date the order was entered, plus one day because the period ended on a holiday. Fed. R. App. P. 4(a)(5)(C); 26(a)(1)(C), (6)(A).

Brown does not contend that he filed an express NOA of the district court's

---

[1] Even if the motion for extension could be construed as a NOA, Brown's appeal of his § 2255 motion would fail on the merits.

4

denial of his § 2255 motion before November 13, 2012, or that his motion for extension of time should be construed as a NOA. Moreover, none of Brown's other filings within the NOA period provided sufficient notice under Federal Rule of Appellate Procedure 3(c) to permit this court to construe them as an effective NOA. *See Estrada v. Scribner*, 512 F.3d 1227, 1236 (9th Cir. 2008).

Because Brown did not file an express NOA of the district court's order denying his § 2255 motion during the NOA period, and because none of the documents Brown filed during the NOA period satisfy Rule 3(c), this court does not have jurisdiction over the district court's determination of the merits of Brown's § 2255 motion. Accordingly, Brown's appeal of that order must be dismissed.

## II.    Brown's Rule 60(b) Appeal

Brown contends that the district court abused its discretion when it construed Brown's Rule 60(b) motion as an uncertified second or successive § 2255 motion and dismissed it for lack of jurisdiction. We affirm.

The district court correctly construed Brown's Rule 60(b) motion as a second or successive § 2255 motion because "an attack based on . . . habeas counsel's omissions," such as that made by Brown's Rule 60(b) motion, "does not

go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005).

Accordingly, the district court properly concluded that Brown's Rule 60(b) motion was a second or successive § 2255 motion, and that it had no jurisdiction to consider it absent a certification from this court. § 2255(h). Construing this appeal as a motion for certification of a second or successive petition, we conclude that Brown's Rule 60(b) motion's is ineligible for certification because it neither presents evidence that was unavailable to him when he filed his § 2255 motion, nor asserts that he is entitled to relief under a new rule of constitutional law. *Id.*

### III.    Conclusion

Because Brown's appeal of the district court order denying his § 2255 motion was untimely noticed, we DISMISS it for lack of jurisdiction. Because the district court correctly concluded that Brown's Rule 60(b) motion was a second or successive habeas petition, and because that motion is ineligible for certification, we AFFIRM the district court's order dismissing Brown's Rule 60(b) motion for

lack of jurisdiction.[2]

**DISMISSED in part and AFFIRMED in part.**

---

[2] Because we affirm, Brown's motion for judicial notice is DENIED.