Brian S. **FAILE**, Plaintiff–Appellant,

v.

The **UPJOHN COMPANY**,
Defendant–Appellee.

No. 91–16938.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 22, 1992 *.

Decided March 18, 1993.

---

[2]. We do not reach Chu's other contentions on appeal.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Brian S. Faile, in pro per.

Daniel F. Polsenberg, Beckley, Singleton, DeLanoy, Jemison & List, Las Vegas, NV, for defendant-appellee.

Before: GOODWIN, D.W. NELSON, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

This case requires us to decide whether an incarcerated pro se litigant completes "service" of discovery responses at the time he submits the responses to prison authorities for forwarding to the party being served. We hold that he does, and reverse and remand.

I

Brian S. Faile alleges that his use of the prescription drug Xanax, manufactured by defendant The Upjohn Company ("Upjohn"), resulted in depression and violent outbursts. Ultimately, he was seriously wounded by police officers reacting to his violent behavior, and was imprisoned after convictions of assault with a deadly weapon and attempted murder. Faile, who remains incarcerated, filed his pro se complaint in June 1990.[1]

On August 8, 1991, the district court, under the belief that Faile, despite an extension, had not filed an opposition to Up-

john's motions to dismiss and for summary judgment, dismissed the complaint. On August 15, 1991, Faile moved to reconsider. The motion was timely under Fed.R.Civ.P. 59(e).

On October 1, 1991, the court, noting that Faile had in fact filed opposition, albeit tardy, to Upjohn's motions, indicated that it was inclined to reconsider the earlier dismissal. However, the court added that Upjohn had also urged dismissal on the basis of plaintiff's failure to comply with a magistrate judge's order requiring Faile to respond to defendant's interrogatories and requests for production. The court gave Faile 15 days to "fully comply with the magistrate's order." The court indicated that its earlier order of dismissal would stand if Faile did not so comply. Upjohn was to file a status report within 20 days of the court's order. On October 17, 1991, Upjohn reported to the district court that it had received nothing from Faile. As a consequence, on October 22, 1991, the court denied Faile's motion to reconsider dismissal.

Asserting that the court had made a mistake of law, Faile moved to vacate the October 22, 1991 order under Fed.R.Civ.P. 60(b). On December 3, 1991, the district court denied the motion, and Faile appeals. Faile contends that he timely complied with the district court's October 1 order by turning over his discovery responses, within the 15 days allowed, to prison officials for forwarding to Upjohn. The district court apparently concluded that compliance required *receipt* of the responses by Upjohn within the time allowed.

II

■ We review the denial of a motion under Fed.R.Civ.P. 60(b) for an abuse of discretion. *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). If its conclusion that Faile had not timely complied rested upon an erroneous view of the law, the district court abused

---

1. The district court had jurisdiction over Faile's complaint on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332.

its discretion. *See Yniques v. Cabral,* 985 F.2d 1031, 1034 (9th Cir.1993) (legal error is "mistake" warranting relief under Fed. R.Civ.P. 60(b)). *Cf. Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405–06, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990) (district court abuses its discretion in basing decision on erroneous view of law).

The magistrate judge's order, with which Faile was to fully comply by October 16, 1991, required him to respond to Upjohn's interrogatories and requests for production. Under Fed.R.Civ.P. 33 and 34, a party is to "serve" discovery responses upon the requesting party. "Service" may be accomplished by mail, and "[s]ervice by mail is complete upon mailing." Fed. R.Civ.P. 5(b). Under these rules, the district court erred in determining that full compliance with the magistrate judge's order required *receipt* of the responses by Upjohn. Rather, Faile could timely comply with the order by mailing the responses within 15 days.

Nevertheless, according to Upjohn, Faile's responses were postmarked October 18, 1991, two days beyond the court-imposed deadline. Faile contends that compliance was complete when he submitted the discovery responses to prison officials for forwarding to Upjohn on October 14, 1991, two days before the deadline. We must therefore decide whether actual mailing or submission to a prison official for mailing constitutes "service" under Fed.R.Civ.P. 5(b) by a pro se prisoner.[2]

### III

In *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that an incarcerated pro se habeas petitioner "files" his notice of appeal on the day he delivers it to prison authorities for forwarding to the district court. In so holding, the Court barred application of the general rule that, in determining the timeliness of appeal under Fed.R.App.P. 4(a)(1), "filing" occurs only upon receipt by the district court.

The Court noted that, for the ordinary civil litigant, receipt rather than formal "filing" determines timeliness because the litigant lacks control over the notice once it is in the district court's possession. *Houston,* 487 U.S. at 273, 108 S.Ct. at 2383. The pro se prisoner, with neither the freedom to deliver the notice himself, nor counsel to deliver it for him, surrenders control even earlier in the process than the ordinary litigant. *Id.* at 271, 273–74, 108 S.Ct. at 2382, 2383–84. Absent the rule in *Houston,* the pro se prisoner's right to appeal would depend entirely upon the diligence both of the prison authorities in promptly mailing the notice and of the postal service in timely delivering it. *See Id.* at 275–76, 108 S.Ct. at 2384–85. Thus, the rule in *Houston* relies on policy concerns surrounding the pro se prisoner's lack of control over delays between prison authorities' receipt of the notice and its formal "filing" by the district court.

Recognizing that these policy concerns apply to other procedural deadlines, courts in other circuits have held that delivery to prison authorities constitutes "filing" under rules in addition to Fed.R.App.P. 4(a)(1) governing notices of appeal. *See Simmons v. Ghent,* 970 F.2d 392, 393 (7th Cir.1992) (*Houston* "applies to other filings, including a Rule 59(e) motion"); *Lewis v. Richmond City Police Dept.,* 947 F.2d 733 (4th Cir.1991) (filing of complaint for purposes of statute of limitations); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989) (filing of plaintiff's objections to magistrate's report and recommendation), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990); *Smith v. Evans,* 853 F.2d 155, 161–62 (3d Cir.1988) (Rule 59(e) motion for reconsideration); *Moskovits v. Drug Enforcement Agency,* 774 F.Supp. 649, 653 (D.D.C.1991) (response to agency regarding claim to currency under forfeiture).

In this circuit, we have not yet held that *Houston* applies to procedural deadlines other than for civil notices of appeal. Nonetheless, our decisions have evinced a pragmatic approach in applying the deci-

---

**2.** We refer in this opinion only to "service" under Fed.R.Civ.P. 5, and not to service of summons and complaint, which is governed by Fed. R.Civ.P. 4.

sion's rule in circumstances other than those presented in *Houston* itself—a pro se prisoner appealing the denial of a writ of habeas corpus. In our subsequent cases, our main concern has been whether the circumstances involve the same lack of control over timeliness described in *Houston*.

For example, focusing on "the broad language of *Houston* and its important policy concerns," and noting that "[p]ro se prisoners experience similar difficulties in filing appeals from non-habeas civil suits," we have held that the rule in *Houston* cannot be confined to habeas petitioners. *See Hostler v. Groves*, 912 F.2d 1158, 1160–61 (9th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1074, 112 L.Ed.2d 1180 (1991). We have also concluded that a prisoner whose counsel has not been technically discharged may nonetheless invoke the rule in *Houston* if he can show that his counsel has abandoned him; the decision rested on our conclusion that the inmate abandoned by counsel is "in the same position as the pro se prisoners described in *Houston*." *See Vaughan v. Ricketts*, 950 F.2d 1464, 1467 (9th Cir.1991).

When we have declined to apply *Houston*, we have similarly looked to the presence or absence of the policy concerns underlying the Supreme Court's decision. In holding that a prisoner who deposits his notice of appeal in a public mailbox may not rely on the rule in *Houston*, we stated that such a prisoner is distinct from the inmate who "has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control and whose interests might be adverse to his." *Miller v. Sumner*, 921 F.2d 202, 203 (9th Cir.1990).[3] Thus, our cases addressing

*Houston* have consistently demonstrated a concern with the pro se prisoner's lack of control relative to the ordinary litigant.

With this preeminent concern in mind, we see no reason to treat other civil "filing" deadlines differently than the deadline for filing a civil appeal. In each case, the prisoner proceeding without counsel lacks the ability to ensure prompt receipt by the district court. Under each rule setting out a "filing" deadline, "the moment at which pro se prisoners necessarily lose control over and contact with their [documents] is at delivery to prison authorities, not receipt by the clerk." *See Houston*, 487 U.S. at 275, 108 S.Ct. at 2384. The policy reasons for deeming submission to prison authorities "filing" apply with equal persuasive force to required filings other than notices of appeal.

Similarly, as regards application of the *Houston* rule, there is no meaningful distinction between "service" deadlines and those for "filing." *Cf. Smith*, 853 F.2d at 162 (if *Houston* rule applies to "filing," a fortiori it applies to "service"). As with "filing," the pro se prisoner who submits his documents to prison authorities surrenders control earlier than the ordinary litigant. In the case of "service," the moment at which pro se prisoners necessarily lose control over and contact with their documents is at delivery to prison authorities, not a deposit in the public mails. We therefore hold that an incarcerated pro se litigant completes "service" under Fed. R.Civ.P. 5(b) upon submission to prison authorities for forwarding to the party to be served.[4]

■ Faile therefore fully complied with the magistrate judge's order when he sub-

---

**3.** Of course, our decision in *Miller* neglects to recognize that a pro se prisoner who uses a public mailbox in connection with his filing of an appeal is still not in the same position as an ordinary civil litigant. "[I]f other litigants do choose to use the mail, ... they can follow its progress by calling the court ..., knowing that if the mail goes awry they can personally deliver notice at the last moment...." *Houston*, 487 U.S. at 271, 108 S.Ct. at 2382. Noting that when a prisoner submits his notice of appeal to prison authorities it is recorded in a log, we were apparently concerned in *Miller* about the difficulty of verifying when the notice was placed in the public mailbox. 921 F.2d at 203–04. Such

concerns are not present here because Faile contends that he submitted his discovery responses to prison officials for mailing. Moreover, because "service" is complete upon mailing, the prisoner who uses a public mailbox is, as to service deadlines, in exactly the same position as the ordinary litigant.

**4.** As a technical matter, because service is complete upon mailing, we hold that a pro se prisoner completes the "mailing" of a document being served under Fed.R.Civ.P. 5(b) by submitting it to prison authorities.

mitted his discovery responses to prison officials. When a pro se prisoner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party. The district court erred in denying reconsideration of dismissal in the absence of a finding that Faile did not submit his responses to prison authorities until after October 16.

## IV

Because the district court denied Faile's motion for reconsideration under an erroneous view of the law governing "service" by an incarcerated pro se, Faile was entitled to have the order denying his motion for reconsideration vacated under Fed.R.Civ.P. 60(b). On remand, the district court should grant the motion for reconsideration unless it determines, based upon an adequate factual showing, that Faile did not submit his responses to prison officials until after October 16.

REVERSED AND REMANDED.