5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James C. HOGAN, Plaintiff-Appellant,
v.
John MORAN, et al., Defendant-Appellee.
 No. 93-15126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 9, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-92-00492-PMP; Philip M. Pro, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On January 14, 1992, police in Las Vegas, Nevada arrested Hogan in a vehicle reported stolen in Colorado. Since Hogan had five outstanding traffic violations in Nevada, he was sentenced by a Nevada court to ten days in the Clark County Detention Center ("CCDC"). During this time, Hogan was charged with being a fugitive from justice and with possession of a stolen vehicle. Hogan remained at CCDC until March 23, 1992, when he was extradited to Colorado to face charges for having stolen the vehicle.
 
 
 3
 While at CCDC, Hogan filed a section 1983 suit against John Moran, who, as sheriff of Clark County and head of the Las Vegas Police Department, was responsible for the operation of CCDC; Eric Cooper, undersheriff; Flemming, a correctional officer at CCDC; and Lori Starkey, an employee in the CCDC inmate law library (collectively "appellees"). Hogan charged that the appellees had deprived him of his right to a prompt hearing on the probable cause for detaining him after a warrantless arrest, had denied him access to a law library and a notary, and were responsible for conditions in CCDC violating his Eighth Amendment rights.
 
 
 4
 Appellees filed a motion to dismiss. Because the district court had not received Hogan's response by the filing deadline of October 16, 1992, the court granted the motion. Hogan then filed a motion to vacate the order to dismiss, arguing that he had given his response to the prison post office by the deadline. The district court denied Hogan's motion, which Hogan now appeals. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 5
 * We review the denial of a motion to vacate an order to dismiss for an abuse of discretion. Faile v. Upjohn Co., 988 F.2d 985, 986 (9th Cir.1993). In a case such as this, "if [the district court's] conclusion that [the appellant] had not timely complied rested upon an erroneous view of the law, the district court abused its discretion." Id. at 986-87.
 
 II
 
 6
 The rule of timely filing for a pro se prisoner has its genesis in Houston v. Lack, 487 U.S. 266 (1988), which held that an incarcerated pro se habeas petitioner files his notice of appeal on the day he delivers it to prison authorities for forwarding to the district court. In Hostler v. Groves, 912 F.2d 1158 (9th Cir.1990), cert. denied, 498 U.S. 1120 (1991), we extended this rule to prisoners filing appeals in non-habeas civil suits. And then in Faile, we held that since "there is no meaningful distinction between 'service' deadlines and those for 'filing,' ... an incarcerated pro se litigant completes 'service' under Fed.R.Civ.P. 5(b) upon submission to prison authorities for forwarding to the party to be served." 988 F.2d at 988. After Faile, the rule of timely filing applied to a pro se incarcerated litigant submitting papers to the court is that the prisoner files the paper when he delivers it to prison authorities for forwarding to the court.
 
 
 7
 Under this rule, Hogan filed his response to the appellees' motion to dismiss when he delivered it to the prison post office to be mailed. Hogan maintains that this occurred on October 16, within the filing period. Whether Hogan actually complied with the deadline by submitting his response to prison authorities is for the district court to decide. Id. at 989. But the district court cannot deny reconsideration of dismissal solely because Hogan's response had not reached the court by the deadline.
 
 III
 
 8
 Although the district court's reasoning is based on an erroneous view of the law, if the decision to dismiss was correct, "we may affirm on any basis supported by the record even if the district court did not rely on that basis." United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (citation omitted), cert. denied, 113 S.Ct. 1945 (1993). The appellees argue that the district court's decision was correct because Hogan's claims are frivolous.
 
 
 9
 To prevent an indigent litigant who is proceeding in forma pauperis from pursuing frivolous, malicious, or repetitive lawsuits, 28 U.S.C. Sec. 1915(d) authorizes federal courts to dismiss such claims. A complaint "is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is not legally frivolous simply because it fails to state a claim upon which relief can be granted; the claim must be "based on an indisputably meritless legal theory." Id. at 327.
 
 
 10
 * Hogan makes four claims, each of which appellees contend is frivolous. First, he argues that appellees delayed his probable cause hearing, which is required by Nevada law after a warrantless arrest. However, even if Hogan was not brought before a magistrate-judge within the time set by Nevada law, Hogan cannot show that the appellees were at fault.
 
 
 11
 A successful section 1983 claim must show "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991). Here, Hogan trips over the causation requirement. None of the appellees has the authority or power to delay scheduling a hearing before a magistrate-judge, which is under the purview of the prosecutor. Moran and Cooper are responsible for the city police force and the operation of CCDC. Flemming and Starkey as CCDC employees have some control over the conditions in the jail. None has control over the criminal legal process after arrest. Since Hogan's claim that the appellees delayed scheduling his hearing lacks an arguable legal basis, it is frivolous.
 
 B
 
 12
 Hogan next argues that he has been denied meaningful access to the courts because the CCDC law library has limited hours. Only twelve of more than ninety inmates are permitted in the library each day for only thirty minutes. Appellees fail to address this claim specifically, but maintain that all of Hogan's claims are frivolous.
 
 
 13
 Since Hogan has not alleged any damages resulting from the short library hours and since he is no longer incarcerated in CCDC, he has failed to make a claim. It does not appear from the record that Hogan can reform his complaint to state a claim.
 
 C
 
 14
 Hogan also claims that jail employees, including Starkey, did not readily agree to notarize his in forma pauperis declaration attached to his complaint, thus delaying his litigation. When a right of access to the courts claim does not allege inadequate legal sources, the claimant must show actual injury. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). In this case, Hogan cannot show he was injured. He was able to file the complaint and proceed with his case. Because this claim lacks an arguable legal basis, it is frivolous.
 
 D
 
 15
 Hogan's final claim is that conditions in CCDC--overcrowding, lack of ventilation, poor sanitation, unfit clothes, arbitrary inmate discipline, deafening noise levels--violated his Eighth Amendment rights. A party challenging conditions in prison under the Eighth Amendment must show that prison officials acted with deliberate indifference with respect to these conditions. Wilson v. Seiter, 111 S.Ct. 2321 (1991).
 
 
 16
 Appellees argue that Hogan's claim is frivolous because he does not allege deliberate indifference by any prison official. Hogan has had an opportunity to reply to the government's argument and has failed to do so. Since Hogan has not alleged any damages from the jail conditions, his claim is frivolous.
 
 IV
 
 17
 We hold that the district court abused its discretion in denying Hogan's motion to vacate its order to dismiss. The court's reasoning that Hogan had not timely filed a response to a motion was based on an erroneous understanding of the law. However, we conclude that Hogan's claims are frivolous and therefore affirm dismissal.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3