103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Derrick IRVIN, Plaintiff-Appellant,
v.
Nadim KHOURY, MD; Kenneth Shepard, MD, Defendants-Appellees.
 No. 96-15130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Irvin, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Irvin's 42 U.S.C. § 1983 action alleging that he received inadequate medical treatment for a cyst on his finger and a lesion on his neck. The district court determined that Irvin's complaint, which only sought injunctive relief, was moot because Irvin received medical treatment for his finger and neck while the complaint was pending.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo a district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1991).
 
 
 4
 Irvin contends that his action is not moot because on July 2, 1993, he submitted to prison authorities an amended complaint seeking monetary relief for the delay in treating his finger and neck.
 
 A. Procedural background
 
 5
 On May 27, 1993, Irvin filed a motion for leave to file a supplemental complaint. On June 14, 1993, the district court denied without prejudice Irvin's motion, because he failed to file a complaint that was complete within itself.
 
 
 6
 Irvin alleges that on June 18, 1993, he submitted an amended complaint to the prison mailroom with instructions to deliver the complaint to the deputy attorney general and to the district court. On June 25, 1993, the prison mailroom returned Irvin's mail to him because the complaint did not qualify for state paid postage.[2] Irvin alleges that on July 2, 1993, he again submitted the amended complaint to the prison mailroom and that the mailroom did not return his mail. According to the district court docket sheet, the district court did not receive Irvin's amended complaint.
 
 
 7
 On February 14, 1994, Irvin filed a motion to amend the complaint to add a new defendant. On October 18, 1994, the district court denied the motion as untimely based on the scheduling order's pre-trial motion filing deadline, February 4, 1994.
 
 
 8
 On September 14, 1995, the magistrate judge recommended granting the defendants' motion for summary judgment on grounds of mootness. On October 26, 1995, Irvin submitted an opposition to the magistrate judge's recommendation where he argued his complaint should have been deemed filed on July 2, 1993, when he delivered the amended complaint to the prison mailroom. On December 11, 1995, the district court adopted the magistrate judge's findings and recommendations. With regard to Irvin's contention that he submitted an amended complaint to prison authorities, the district court stated that it was "not persuaded that this delayed excuse proffered at this late date justifies plaintiff's continued failure to submit a proposed amended complaint."
 
 B. Merits
 
 9
 "When a pro se prisoner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party." Faile v. Upjohn Co., 988 F.2d 985, 989 (9th Cir.1993); accord Houston v. Lack, 487 U.S. 266, 276 (1988). We must remand to the district court when we cannot determine from the record whether a pro se prisoner timely delivered a document to prison authorities.[3] Hostler v. Groves, 912 F.2d 1158, 1162 (9th Cir.1990), cert. denied, 498 U.S. 1120 (1991).
 
 
 10
 Here, the district court erred by not making a factual finding regarding Irvin's allegations that he timely submitted his amended complaint to prison authorities. If Irvin's allegations are true, Irvin's delay in warning the court that he had submitted an amended complaint is explained by his belief that the prison officials had mailed his amended complaint on July 2, 1993.[4] See Houston, 487 U.S. at 271 (discussing pro se prisoner's difficulty in monitoring the progress of legal mail once given to prison authorities).
 
 
 11
 Therefore, we vacate the district court's summary judgment and remand for a factual finding of whether Irvin submitted his amended complaint to the prison authorities before February 4, 1994, the scheduling order's pre-trial motion filing deadline. See Faile, 988 F.2d at 989.
 
 
 12
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On June 30, 1993, the district court denied Irvin's motion, for a preliminary injunction, which was filed contemporaneously with his complaint, and we affirmed the denial of the motion. See Irvin v. Khaury, No. 93-16524, (9th Cir. May 2, 1994)
 
 
 [2]
 Irvin submitted evidence of the prison officials' responses to his administrative appeals of the prison mailroom policy. In a second level response, the warden stated that on December 26, 1993, the prison issued a clarification of the prison's policy regarding delivery of legal mail to mailroom personnel explaining that indigent inmates are allowed to send legal mail to the deputy attorney general at state expense. The evidence submitted by Irvin does not however, explain why the prison mailroom allegedly returned Irvin's legal mail directed to the district court
 
 
 [3]
 We note that Irvin's pre-trial statement, filed on May 31, 1994, does not mention his alleged amended complaint of July 2, 1993. However, we cannot interpret the significance of Irvin's omission because, as an appellate court, we cannot make factual findings. See Oaks of Woodlake Phase III, Ltd. v. Hall (In re Hall), 939 F.2d 802, 805 (9th Cir.1991)
 
 
 [4]
 According to the record, Irvin's first warning that his action was moot because he failed to file an amended complaint was in the magistrate judge's findings and recommendations. The defendants' motion for summary judgment was not based on mootness