110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael MEEHAN, Plaintiff-Appellant,
v.
John REES; K. Meyers; Alan Bargery; Danny Scott; Patrick
Blackburn; Reda Boynton; David Keating; Annie
Bell; Howard Cook; Diana Owen,
Defendants-Appellees.
 No. 95-6237.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: LIVELY, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Michael Meehan, a Tennessee prisoner proceeding pro se, moves for counsel on appeal from a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Meehan is currently an inmate confined at the Turney Center Industrial Prison and Farm (Turney Center). He sought damages for alleged violations of his constitutional rights which occurred when he was confined at the South Central Correctional Center (SCCC) in 1993. Named as defendants are Tennessee Department of Correction employee Howard Cook, and eight SCCC employees: former Warden John Rees, Kevin Meyers, Alan Bargery, Danny Scott, Patrick Blackburn, Reda Boynton, David Keating, and Annie Bell.
 
 
 3
 Meehan alleged that in June 1993, he filed a prison grievance because he felt that he was being harassed and retaliated against due to his work as an inmate legal advisor and jailhouse lawyer. He asserted that after the grievance was filed, the defendants convened a special reclassification hearing during the first week of July 1993, which led to his transfer to a more secure facility on July 12, 1993. Meehan asserted that there was no basis for the transfer and that the transfer was a form of retaliation.
 
 
 4
 The defendants moved to dismiss the complaint on the ground that the complaint was barred by the applicable statute of limitations. The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed as time-barred. The district court adopted the report and recommendation over Meehan's objections. This timely appeal followed.
 
 
 5
 Initially, we note that the defendants' motion to dismiss is more properly construed as a motion for summary judgment because the district court considered matters outside the pleadings when it granted the defendants' motion to dismiss. See Fed.R.Civ.P. 12(c); Dempsey v. Atchison, Topeka and Santa Fe Ry., Co., 16 F.3d 832, 835-36 (7th Cir.), cert. denied, 115 S.Ct. 82 (1994).
 
 
 6
 Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995).
 
 
 7
 Meehan's complaint is time-barred. The limitations period for filing a civil rights complaint under 42 U.S.C. § 1983 is determined by looking at the most analogous personal injury statute of limitations of the state in which the complaint was filed. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). The most analogous Tennessee statute is that found at Tenn.Code Ann. § 28-3-104(a), which provides a one-year limitations period. See Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir.1992).
 
 
 8
 In the context of lawsuits filed by pro se prisoners, the date when a complaint is "filed" for statute of limitations purposes is not the date when the complaint is file-stamped by the district court clerk's office, but is, instead, the date when the prisoner places the complaint in the mail or delivers it to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir.1995); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir.1993), modified on reh'g on other grounds, 25 F.3d 81 (2d Cir.1994); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir.1993); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir.1991) (per curiam); see also Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir.1993) ("[W]e see no reason to treat other civil 'filing' deadlines differently than the deadline for filing a civil appeal."); see also Houston v. Lack, 487 U.S. 266, 276 (1988) (the date a prisoner submits a notice of appeal to prison authorities for mailing is deemed the date of filing).
 
 
 9
 The defendants asserted, and Meehan admitted, that Meehan's claim was based upon events that occurred no later than July 12, 1993, the day of Meehan's transfer from the SCCC. The evidence does not support Meehan's contention that he submitted his complaint for mailing on July 10, 1994. Meehan failed to provide any explanation for how a complaint that he asserted he submitted for mailing on July 10, 1994, bears a postage meter strip dated August 11, 1994. Meehan did not deliver his complaint to prison officials for mailing until August 10, 1994. The complaint was untimely under the applicable statute of limitations, and judgment in favor of the SCCC defendants was proper.
 
 
 10
 Accordingly, the motion for counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.