113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Wayne JOHNSON, Sr., Petitioner-Appellant,
v.
D.R. HILL, Warden, Respondent-Appellee.
 No. 95-56464.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1997.*
Decided May 1, 1997.
 
 1
 Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Charles Wayne Johnson, Sr. appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253. We affirm.
 
 1. Timeliness of appeal
 
 4
 Respondent argues that this appeal should be dismissed because the notice of appeal was untimely filed. Johnson's notice of appeal was timely filed because it was deposited in the prison's internal mail system within 30 days of the district court's denial of Johnson's petition. Fed.R.App.P. 4(a)(1).
 
 
 5
 Respondent also argues that this appeal should be dismissed because Johnson untimely filed his objections to the Magistrate Judge's Report and Recommendation ("Report"). Johnson gave his objections to a prison official within 30 days of the filing of the Report. The prison official agreed to deposit the objections in the prison's mail system. Thus, Johnson's objections to the Report were timely filed. See Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir.1993) (noting that "filing" occurs when the document is delivered to prison authorities).
 
 2. Disciplinary hearing
 
 6
 Johnson claims that the disciplinary hearing violated California Code of Regulations § 3320(g) because Perkins had a predetermined belief as to Johnson's guilt. There is simply no evidence in the record to substantiate Johnson's claim that Perkins had a predetermined belief as to Johnson's guilt. Furthermore, the California Superior Court made a specific finding regarding Perkins's alleged bias, stating: "[I]t does not appear that [Perkins] reported, observed, or investigated the charge, and there is no support for [Johnson's] claim that Perkins had a predetermined belief as to [Johnson's] guilt or innocence." This finding is entitled to a presumption of correctness under 28 U.S.C. § 2254(d). Thus, the district court did not err in concluding that Johnson's due process rights were not violated at the disciplinary hearing.
 
 
 7
 Because California Code of Regulations § 3320(g) was not violated, we need not decide whether that regulation creates an independent liberty interest entitled to due process protection.
 
 3. Johnson's transfer
 
 8
 Johnson contends that his due process rights were violated when he was involuntarily transferred to the California Correctional Institute ("CCI") in Tehachapi. It is well established that a prisoner has no due process right to be housed in a particular prison. Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding that "the Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system"). In addition, Johnson's transfer to CCI did not adversely affect the duration of his sentence. Thus, Johnson has not stated a due process claim regarding his placement within the prison system.
 
 
 9
 Affirmed.
 
 
 
 *
 The court found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3