Curtis Ivan JAMES, Plaintiff–Appellant,

v.

MADISON STREET JAIL; Jail Commander, Sgt. A3061; Howard, Officer, A4500; Wade, Sgt., A831; Granados, Officer, Officer Dipietro; Officer Layton; Joe Arpaio, Sheriff; Madison St. Kitchen, Defendants–Appellees.

Curtis Ivan JAMES, Plaintiff–Appellant,

v.

RICH, CPO; Prichard, CPO; Deputy Warden Whitley; Engle CSO 6821; CSO Gutierrez, 6811, Defendants–Appellees.

Nos. 96–16384, 96–16386.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 1997.*

Decided July 25, 1997.

Curtis Ivan James, Los Angeles, California, pro se, for Plaintiff–Appellant.

No appearance for Defendants–Appellees.

Before: HUG, Chief Judge, and KOZINSKI and LEAVY, Circuit Judges.

PER CURIAM:

Curtis Ivan James, an Arizona state prisoner at the time these actions were filed, appeals pro se the district court's dismissal of his complaint for failure to timely provide a trust-account statement pursuant to 28 U.S.C. § 1915(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion,[1] and we reverse and remand.

In both appeals, the district court entered an order stating that James must file a

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

1. Whether we construe the district court's dismissal as a dismissal for lack of prosecution, for failure to obey an order of the court, or of a complaint as frivolous, the proper standard of

28

trust-account statement in accordance with § 1915(a)(2) within thirty days to proceed in forma pauperis. James submitted the trust-account statement with a sworn statement that he had mailed the statement within the thirty-day period, but the district court received and filed it after the thirty-day period had run.

We conclude that the rule for timely filing applicable to pro se prisoners articulated in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applies to the filing of trust-account statements as required by § 1915(a)(2). *See Faile v. Upjohn Co.,* 988 F.2d 985, 986–88 (9th Cir.1993). Because James submitted a sworn statement that he timely complied with the deadline imposed by the district court, "the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party." *See id.* at 988; *see also Koch v. Ricketts,* 68 F.3d 1191, 1194 (9th Cir.1995). Because the district court failed to make such a factual finding, we vacate the district court's dismissal of these actions and remand for further proceedings. *See Caldwell v. Amend,* 30 F.3d 1199, 1203 (9th Cir.1994).

VACATED and REMANDED.

review is abuse of discretion. *See Al–Torki v. Kaempen,* 78 F.3d 1381, 1384 (9th Cir.1996) (failure to prosecute); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992) (failure to obey an order of the court); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 584 (9th Cir.1995) (per curiam) (frivolousness).