122 F.3d 27
 97 Cal. Daily Op. Serv. 5905, 97 Daily Journal
D.A.R. 9497
 Curtis Ivan JAMES, Plaintiff-Appellant,
v.
MADISON STREET JAIL; Jail Commander, Sgt. A3061; Howard,
Officer, A4500; Wade, Sgt., A831; Granados, Officer,
Officer Dipietro; Officer Layton; Joe Arpaio, Sheriff;
Madison St. Kitchen, Defendants-Appellees.
Curtis Ivan JAMES, Plaintiff-Appellant,
v.
RICH, CPO; Prichard, CPO; Deputy Warden Whitley; Engle
CSO 6821; CSO Gutierrez, 6811, Defendants-Appellees.
 
 Nos. 96-16384, 96-16386.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 14, 1997.*
Decided July 25, 1997.
 Curtis Ivan James, Los Angeles, California, pro se, for Plaintiff-Appellant.
 No appearance for Defendants-Appellees.
 Appeals from the United States District Court for the District of Arizona; Robert C. Broomfield, District Judge, Presiding. D.C. Nos. CV-96-01062-RCB(SLV), CV-96-01172-RCB(SLV).
 Before: HUG, Chief Judge, and KOZINSKI and LEAVY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Curtis Ivan James, an Arizona state prisoner at the time these actions were filed, appeals pro se the district court's dismissal of his complaint for failure to timely provide a trust-account statement pursuant to 28 U.S.C. § 1915(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion,[1] and we reverse and remand.
 
 
 2
 In both appeals, the district court entered an order stating that James must file a trust-account statement in accordance with § 1915(a)(2) within thirty days to proceed in forma pauperis. James submitted the trust-account statement with a sworn statement that he had mailed the statement within the thirty-day period, but the district court received and filed it after the thirty-day period had run.
 
 
 3
 We conclude that the rule for timely filing applicable to pro se prisoners articulated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applies to the filing of trust-account statements as required by § 1915(a)(2). See Faile v. Upjohn Co., 988 F.2d 985, 986-88 (9th Cir.1993). Because James submitted a sworn statement that he timely complied with the deadline imposed by the district court, "the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party." See id. at 988; see also Koch v. Ricketts, 68 F.3d 1191, 1194 (9th Cir.1995). Because the district court failed to make such a factual finding, we vacate the district court's dismissal of these actions and remand for further proceedings. See Caldwell v. Amend, 30 F.3d 1199, 1203 (9th Cir.1994).
 
 
 4
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 Whether we construe the district court's dismissal as a dismissal for lack of prosecution, for failure to obey an order of the court, or of a complaint as frivolous, the proper standard of review is abuse of discretion. See Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir.1996) (failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (failure to obey an order of the court); Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam) (frivolousness)