Thomas ROBINSON, Plaintiff–
Appellant,

v.

Glenn S. GOORD, Commissioner, Lester N. Wright, Ernest Edwards, Superintendent, Miller, Deputy Superintendent, Robert Sarreck, Doctor, O.C.F., Miraflor Felicitas, Doctor, O.C.F., Hilda Miller, Administrative Nurse, Hen-ry Hamburg, Nurse, Lee Holbert, Alphi Dha, Nurse, Peter Wolff, Nurse & Delgado, Nurse, Defendants–Appellees.

Docket No. 02–0047.

United States Court of Appeals,
Second Circuit.

Oct. 10, 2002.

Thomas Robinson, pro se, Beacon, NY, for Appellant.

Oren L. Zeve, Office of the Attorney General, New York, NY, for Appellee.

Present MINER, SOTOMAYOR, KATZMANN, Circuit Judges.

Plaintiff-appellant Thomas Robinson, *pro se*, appeals from an order and judgment of the United States District Court for the Southern District of New York (Brieant, J.), dismissing his action on the basis that Robinson failed to timely file an amended complaint within thirty days, as instructed by the district court. We vacate and remand the district court's order and judgment because, as discussed below, Robinson's amended complaint was timely filed, and the district court should examine whether Robinson satisfied the exhaustion requirement of 42 U.S.C. § 1997e(a).

Robinson filed a complaint pursuant to 42 U.S.C. § 1983 against several employees of the New York State Department of Correctional Services. The complaint alleged that prison officials: (1) retaliated against him for exercising his First Amendment rights; (2) denied him proper medical care as prescribed by the Eighth Amendment; and (3) violated his rights under the Due Process Clause of the Fourteenth Amendment. The State filed a motion to dismiss appellant's complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). On November 9, 2001, the district court granted the State's motion to dismiss with respect to Robinson's First and Fourteenth Amendment claims only, and ordered that Robinson file an amended complaint within thirty days to sufficiently plead his remaining Eighth Amendment claim.

On December 13, 2001, thirty-four days after the district court entered its order, the district court dismissed Robinson's action without prejudice as it had not yet received an amended complaint from Robinson. On appeal, however, the State con-cedes, and we hold, that Robinson timely filed his amended complaint by delivering his amended complaint to prison officials on December 9, 2001. *See Tapia–Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir.1999) (for statute of limitations purposes, *pro se* prisoner's § 1983 complaint is deemed filed when delivered to prison officials); *see also Houston v. Lack,* 487 U.S. 266, 269–70, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (same for notice of appeal from denial of habeas relief); *Faile v. Upjohn Co.,* 988 F.2d 985, 987–88 (9th Cir.1993) (holding that the *Houston* rule ordinarily applies to other civil filing deadlines). Thus, the district court erroneously dismissed Robinson's action for failing to timely file an amended complaint.

The State argues that this Court should nonetheless affirm on alternate grounds by reaching the merits of Robinson's action. However, remand is preferable here because the district court should consider whether Robinson satisfied the exhaustion requirement of § 1997e(a), in accordance with the Supreme Court's recent decision in *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that exhaustion of administrative remedies is required for *all* prisoner suits seeking redress for prison circumstances).

The district court's judgment is hereby vacated and remanded.