**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACYE B. WASHINGTON, | No. 08-17246 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-02775-WHA |
| v. | |
| W. A. DUNCAN; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Tracye B. Washington, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his Eighth Amendment rights by using excessive force.  We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

tk/Research

have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo.  *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam).  We vacate and remand for further proceedings.

The record indicates that Washington submitted his summary judgment opposition to prison authorities for mailing on September 22, 2008, one day before the filing deadline.  Washington's opposition was therefore timely under the prison mailbox rule.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that a pro se prisoner's filing was deemed filed on the date of delivery to prison authorities for filing with the district court); *Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir. 1993) ("We see no reason to treat other civil filing deadlines differently than the deadline for filing a civil appeal.").  Accordingly, we vacate the district court's order granting the defendants' motion for summary judgment based on Washington's failure to file an opposition, and remand so that the district court may consider Washington's opposition in the first instance.

The appellees shall bear the costs on appeal.

**VACATED and REMANDED.**