**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRYAL J. CULLER, | No. 09-16114 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-01552-WHA |
| v. | |
| BOARD OF PRISON TERMS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted December 6, 2010[**]

Before:    GOODWIN, RYMER, and GRABER, Circuit Judges.

California state prisoner Jerryal J. Culler appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for failure to pay the filing fee or provide an in forma pauperis application in accordance with 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915(a)(2), and for denying his subsequent motions to reconsider. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

A certificate of appealability (COA) was neither sought by Culler nor issued by the district court in this case. We construe Culler's notice of appeal as an application for a COA, and grant a COA sua sponte on the issues of whether the district court improperly dismissed Culler's habeas petition and whether the district court improperly denied Culler's motions to reconsider. *See* 28 U.S.C. § 2253(c); *see also* 9th Cir. R. 22-1(e).

The district court did not abuse its discretion when dismissing Culler's petition since Culler did not provide sufficient evidence of his timely compliance with the deadline set by the district court for remedying the deficiencies in his in forma pauperis application. *See e.g. James v. Madison Street Jail*, 122 F.3d 27, 28 (9th Cir. 1997) (per curiam) (explaining requirements for timely filing by pro se prisoner of in forma pauperis petition under 28 U.S.C. § 1915(a)(2)).

The district court also did not abuse its discretion when denying Culler's motions for reconsideration since Culler did not identify any new evidence, change in law, clear error, or manifest injustice. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993).

**AFFIRMED.**

09-16114