NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN HAMMLER, | No.   19-56263 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02831-JGB-SP |
| v. | |
| DEJINEY JONES; D. UMPHENOUR, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

California state prisoner Allen Hammler appeals pro se from the district

court's order dismissing his 42 U.S.C. § 1983 action alleging various constitutional

violations for failure to pay the filing fee or apply for in forma pauperis status.  We

have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.

_____

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*James v. Madison Street Jail*, 122 F.3d 27, 27 n.1 (9th Cir. 1997).  We affirm.

The district court did not abuse its discretion by dismissing Hammler's action because Hammler failed to file an application to proceed in forma pauperis or pay the filing fee by the deadline set by the district court.  *See* 28 U.S.C. § 1915(a)-(b); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (explaining that, under the Prison Litigation Reform Act ("PLRA"), all prisoners who file IFP civil actions must pay the filing fee as laid out in 28 U.S.C. § 1915(b)); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000) (the PLRA "imposes specific filing requirements on prisoners seeking to file civil actions in forma pauperis" and that these include a submission of "a certified copy of their prisoner trust account statement for the previous six months. . . .").

The district court did not abuse its discretion in denying Hammler's motion for reconsideration because Hammler failed to establish any basis for relief.  *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e)).

We do not consider arguments or allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**