Mark KOCH, Plaintiff–Appellant,

v.

James G. RICKETTS, Defendant–Appellee.

No. 92–16517.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1994.

Decided Oct. 19, 1995.

James Weinstein, Arizona State University, College of Law, Tempe, Arizona, for plaintiff-appellant.

Karen L. Lugosi, Assistant Attorney General, Phoenix, Arizona, for defendant-appellee.

Before: GOODWIN, WIGGINS, and BRUNETTI, Circuit Judges.

WIGGINS, Circuit Judge:

Mark Koch appeals from the district court's ruling on remand that his original notice of appeal was untimely. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse on the ground of Federal Rule of Appellate Procedure 4(c).

## I. *Background*

Mark Koch was one of several Arizona state prisoners who sued prison officials under 42 U.S.C. § 1983 for alleged violations of the prisoners' constitutional rights during an anal cavity search by prison guards. The case was tried before a jury, which found that prison officials had violated the prisoners' rights under the Fourth and Eighth Amendments, but that the prison officials were entitled to a defense of qualified immunity. Koch appealed, arguing that there was insufficient evidence to support the jury's finding of qualified immunity. *Vaughan v. Ricketts,* 950 F.2d 1464 (9th Cir.1991).

The *Vaughan* court was unable to address the merits of Koch's appeal without first deciding whether Koch's notice of appeal was timely filed under Federal Rule of Appellate Procedure 4(a). Rule 4(a) establishes a thirty-day time limit for the filing of appeals that is both mandatory and jurisdictional. *Bird v. Reese,* 875 F.2d 256, 256–57 (9th Cir.1989). Thus, absent timely filing, this court lacks

jurisdiction over Koch's case. Koch's notice of appeal was received and file stamped by the district court clerk on August 8, 1990, nine days after the July 30, 1990 deadline established by Rule 4(a).

Ordinarily, a notice of appeal is deemed filed on the date the court clerk receives and stamps the notice. Fed. R.App.P. 4(a); *Sudduth v. Arizona Attorney Gen.,* 921 F.2d 206, 206–207 (9th Cir.1990). In *Houston v. Lack,* however, the Supreme Court established an exception to that rule for prisoners filing *pro se* appeals. 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). *Houston*'s constructive filing rule held that a *pro se* prisoner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Id.* at 276, 108 S.Ct. at 2385 (footnote omitted).

To determine whether Koch's appeal was timely under the *Houston* rule, we remanded for a determination of the date on which Koch's notice of appeal was mailed. *Vaughan,* 950 F.2d at 1467–68. The district court on remand did not determine that date. Instead, after an evidentiary hearing, the court held that Koch did not qualify for a constructive filing date under *Houston* because of the manner in which he mailed the notice. In *Miller v. Sumner,* 921 F.2d 202, 203 (9th Cir.1990), we held that prisoners do not receive the benefit of the *Houston* rule if the notice of appeal is mailed in a regular mailbox in the prison rather than in a way that causes the prison authorities to post it through the prison mail log system. The district court held that *Miller* rendered Koch's mailing untimely. Koch (timely) appealed that ruling to this court.

## II. *Manner of Mailing*

The district court believed Koch was ineligible for *Houston*'s constructive filing deadline because he used regular mail (of which his prison did not keep a log) rather than registered, certified or insured mail, any of which was available to Koch for an extra fee, and any of which would have created documentation of the mailing date. In *Miller,* this court held that the prisoner is not entitled to the benefit of *Houston*'s constructive

filing deadline if he chooses to use a mailing procedure that does not create documentation. 921 F.2d at 203.[1] The district court, applying *Miller*, held Koch's notice of appeal untimely.

■ After the district court's decision, however, section (c) was added to Rule 4 of the Federal Rules of Appellate Procedure. The new Rule 4(c) states:

> If an inmate confined in an institution files a notice of appeal ..., the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

The amendment became effective on December 1, 1993, while Koch's appeal was pending before this court. Rule 4(c) applies, "insofar as just and practicable," to appellate cases pending on the effective date. Order of the U.S. Supreme Court, 61 U.S.L.W. 4395 (U.S. Apr. 22, 1993). Because we see no reason why application of the new rule would work injustice or cause delay, we will decide the timeliness issue under Rule 4(c).

■ As the advisory committee notes make clear, Rule 4(c) was intended to formalize the constructive filing rule of *Houston*.[2] The timeliness of Koch's appeal, therefore, turns on whether Rule 4(c), in formalizing the *Houston* rule, implicitly adopted the distinction drawn by *Miller* between methods of mailing that create documentation of the mailing date and those that do not. We hold that Rule 4(c) makes no such distinction.

Nothing in Rule 4(c) refers to the need to create a mail log. In fact, such a requirement is implicitly rejected by the provision in the Rule that, "[t]imely filing may be shown by a notarized statement or by a declaration ... setting forth the date of deposit and stating that first-class postage has been prepaid." If the rule required prisoners to utilize a prison log system, such a notarized statement or declaration would be entirely unnecessary, because reference to the log would be sufficient to prove the date in contested cases.

■ Nor can such a documentation requirement be imported from *Houston*, Rule 4(c)'s parent case. *Houston* assumed that a logging procedure was not only available for regular first class mail, but was also automatic. *See* 487 U.S. at 275, 108 S.Ct. at 2384–85. As the current case illustrates, however, neither assumption is necessarily true. There was no logging procedure available to Koch that did not involve an additional fee. Yet Koch still faced the obstacles that motivated the Court to adopt the *Houston* rule in the first place: lack of control over the progress of his mailing, and the potential for interference by prison officials whose interests are adverse to the prisoner bringing a § 1983 suit. *See id.* at 270–71, 108 S.Ct. at 2382–83. We conclude, therefore, that no logging requirement can be imported from *Houston*. The fact that Koch did not mail his letter by a procedure that caused a log to be kept does not bar him from receiving the benefit of a constructive filing date under Rule 4(c).[3]

---

1. This rule was recently trimmed by *Caldwell v. Amend*, which held that the absence of a log was not fatal to constructive filing, where the prisoner placed his notice of appeal in a mailbox designated "legal mail." 30 F.3d 1199, 1202 (9th Cir.1994).

2. The Advisory Committee's note states:
   In *Houston v. Lack*, the Supreme Court held that a *pro se* prisoner's notice of appeal is "filed" at the moment of delivery to prison authorities for forwarding to the district court. The amendment reflects that decision. The language of the amendment is similar to that in Supreme Court Rule 29.2.

3. We do not believe that the absence of a logging requirement will cause "uncertainty and chican-

ery" to surround the actual date of mailing. *Miller*, 921 F.2d at 204. Rule 4(c) provides that timely filing may be shown by the prisoner's own declaration. The court need not rely entirely on that, however: the court clerk's file stamp provides strong, albeit rarely conclusive, evidence of the date of mailing. *See Sudduth*, 921 F.2d at 207 (file stamp on the day after the deadline was proof that notice of appeal had been mailed before the deadline).

Where the time lag between the alleged mailing and receipt by the district court is great, the district court may attribute the discrepancy to the court clerk, the postal service, the prison authorities, or the prisoner himself. The prisoner who chooses not to use a method that creates reliable documentary evidence of the date of

### III. *Date of Mailing*

On remand, the district court held an evidentiary hearing and made findings of fact on the manner in which the notice was mailed; but, believing that the manner of mailing made Koch ineligible for the benefit of a constructive filing date, the district court did not determine the exact date of mailing. Because we hold that, under Rule 4(c), Koch's notice of appeal was timely if he mailed it within the 30–day window created by Rule 4(a), it is once again necessary to determine the exact date of Koch's mailing. Rather than remanding a second time, we will make that finding ourselves on the basis of other facts found by the district court and in the record, which was fully developed at the evidentiary hearing.

The record does not contain a postmarked envelope. Koch, however, submitted an affidavit and testified at the hearing that, on the morning of July 27, 1990, he had handed his notice of appeal, with first class postage prepaid, to an unknown mail pick-up officer at the prison's drop-box. His testimony was indirectly corroborated by the affidavit of Jerry Michael Conn, who had helped him prepare a notice of appeal on July 26, 1990, and who had advised Koch to mail it the next day. Koch and Conn's affidavits "shift[ed] to the opposing party the burden of producing evidence in support of a contrary factual finding." *Caldwell*, 30 F.3d at 1203; *Faile v. Upjohn Co.*, 988 F.2d 985 (9th Cir.1993).

Appellees did not meet this burden. Not surprisingly, they produced no direct evidence of the date of mailing. Instead, they described the prison's regular mail handling procedures. First class mail was collected daily from various points around the prison; the prison kept no log of regular mail; but registered, insured or certified mail, for which the prison charged a fee, would have been logged.

The district court clerk received and file stamped the notice of appeal on August 8, 1990. At the same time that Koch mailed the notice of appeal to the district court, he mailed a copy to the Arizona Attorney General's office, which was stamped received on August 7, 1990.

The August 8, 1990 file stamp is not so far subsequent to the July 30, 1990 deadline as to refute the otherwise uncontroverted evidence that Koch mailed the notice of appeal before the deadline. Therefore, we find that Koch mailed his notice of appeal within the 30–day window.

The district court's order finding Koch's notice of appeal untimely is REVERSED. Koch's original appeal will be heard on the merits.

---

mailing assumes some risk that he will not be able to prove the mailing date; and, in assigning responsibility for delay, the district court may take into account the availability to the prisoner of methods that would have created documentation. Therefore, whereas *Miller* denied the bene-fit of a constructive filing deadline in all cases where documentation is not created, Rule 4(c) allows the prisoner to choose among several mailing methods, but the prisoner must understand that some methods are riskier than others.