83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Balwinder KAHLON, Defendant-Appellant.
 No. 95-15497.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Balwinder Kahlon appeals pro se the district court's denial of his 18 U.S.C. § 3582(c) motion for reduction of his sentence. Kahlon was convicted, after a jury trial, of conspiracy to bribe a public official and bribery of a public official in violation of 18 U.S.C. §§ 371 and 201(b)(1)(A) and was sentenced on November 22, 1993 to twenty-four months of imprisonment and two years of supervised release.[1] Kahlon contends that certain post-sentencing amendments to the Sentencing Guidelines should be applied retroactively to reduce his sentence. We review the denial of a section 3582(c) motion for abuse of discretion, see United States v. Cueto, 9 F.3d 1438, 1440 (9th Cir.1993), and we affirm.[2]
 
 A. Timeliness of the Appeal
 
 3
 The district court entered its order denying Kahlon's section 3582(c) motion on February 18, 1995. Kahlon filed its notice of appeal on March 2, 1995, two days after the deadline. Pursuant to Houston v. Lack, 487 U.S. 266 (1988), we ordered Kahlon to show cause why the appeal should not be dismissed for lack of jurisdiction. Kahlon responded that he deposited the notice of appeal in the prison mail box on February 22, 1995. Relying upon Miller v. Sumner, 921 F.2d 202, 203 (9th Cir.1990) (prisoners do not receive benefit of Houston rule if notice of appeal is mailed in a regular prison mailbox rather than through prison mail log system), we remanded this case for the limited purpose of determining whether excusable neglect exists for the late filing of the notice of appeal.
 
 
 4
 After we remanded, this court held that the amended version of Fed.R.App.P. 4(c) nullifies the distinction drawn by Miller. See Koch v. Ricketts, 68 F.3d 1191, 1193 (9th Cir.1995). Under Rule 4(c), a notice of appeal filed by an inmate is deemed timely "if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration ... setting forth the date of deposit and stating that first-class postage has been paid." Fed.R.App.P. 4(c) (effective December 1, 1993). An inmate can receive the benefit of a constructive filing date under Rule 4(c) even if he used regular prison mail of which the prison did not keep a log. See Koch, 68 F.3d at 1193.
 
 
 5
 Here, in his response to our order to show cause, Kahlon stated that he deposited the notice of appeal on February 22, 1995 in the prison mail box. Thus, his notice of appeal was deemed timely filed. See Fed.R.App.P. 4(c); Koch, 68 F.3d at 1193.
 
 B. Merits of the Appeal
 
 6
 Kahlon contends that the 1994 amendments 482, 503, 504 and 508 to the Sentencing Guidelines should be retroactively applied to reduce his sentence. His contention lacks merit.
 
 
 7
 The district court may reduce a defendant's term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (1995). However, a reduction will not be consistent with the Sentencing Commission's policy statement if the amendment is not listed in U.S.S.G. § 1B1.10(c). See U.S.S.G. § 1B1.10, comment. (n. 1) (1994) (eligibility for section 3582(c) reduction "is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range"); see also Cueto, 9 F.3d at 1440-41 (a 1992 amendment cannot be applied retroactively because it is not listed in section 1B1.10 of 1992 Sentencing Guidelines).
 
 
 8
 None of the amendments argued by Kahlon is listed in U.S.S.G. § 1B1.10(c). See U.S.S.G. § 1B1.10(c). Thus, they cannot be applied retroactively. See id., comment. (n. 1). Accordingly, the district court did not abuse its discretion by denying Kahlon's 18 U.S.C. § 3582(c) motion. See Cueto, 9 F.3d at 1440.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We affirmed Kahlon's conviction and sentence on direct appeal. See United States v. Kahlon, 38 F.3d 467 (9th Cir.1994)
 
 
 [2]
 All pending motions are denied as moot