116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony GARACCI, Plaintiff-Appellant,
v.
J.M. RATELLE; S.C. Duenas, Defendants-Appellees.
 No. 96-55710.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 9, 1997.
 
 Appeal from the United States District Court for the Southern District of California Napoleon A. Jones, District Judge, Presiding
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Garacci appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights when they reassigned him to a different prison job with lower pay because he is not bilingual. The district court dismissed the action pursuant to its local rules because Garacci failed to oppose the defendants' motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 The district court entered its judgment dismissing the action on March 28, 1996. Because Garacci's notice of appeal was not filed until May 9, 1996, it was untimely. See Fed. R.App. P. 4(a)(1). Pursuant to Houston v. Lack, 487 U.S. 266, 270 (1988), we ordered Garacci to show cause why the appeal should not be dismissed for lack of jurisdiction. Garacci submitted a declaration stating that he handed his notice of appeal to prison staff to be mailed to this court on April 2, 1996. Accordingly, Garacci's notice of appeal is deemed timely filed. See Fed. R.App. P. 4(c); Koch v. Ricketts, 68 F.3d 1191, 1193-94 (9th Cir.1995).
 
 
 4
 Garacci contends the district court erred by granting defendants' motion to dismiss based upon his failure to oppose the motion, pursuant to the local district court rules. This contention has merit.
 
 
 5
 We review for an abuse of discretion the district court's dismissal pursuant to its local rules. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam). The district court must weigh the following factors before dismissing the action for failure to comply with a local rule: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)). Pursuant to the applicable local rule, failure to file a written opposition "may constitute a consent to the granting of a motion or other request for ruling by the court." See S.D. Cal. Local R. 7.1(f)(3).
 
 
 6
 Here, the defendants filed their motion to dismiss on February 7, 1996. On March 27, 1996, Garacci filed a "motion for default" based upon the defendants' failure to file a timely answer. On the same date, the court denied Garacci's default motion, and dismissed the action pursuant to the local rules because Garacci failed to oppose the motion to dismiss.[1]
 
 
 7
 Although the district court listed the relevant factors which it was required to consider before dismissing for failure to comply with a local rule, the court failed to explicitly consider the factors in turn. Instead, the court merely noted that Garacci had multiple lawsuits pending, had not opposed in a timely manner and had not asked for an extension.
 
 
 8
 When the court fails to explicitly consider the requisite factors, we conduct an independent review of the record to determine if the district court abused its discretion. See Ghazali, 46 F.3d at 53-54. The first two factors do not necessarily weigh in favor of the dismissal because the district court dismissed this case only five months after the complaint was filed. Cf. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (concluding that the first two factors did weigh in favor of dismissal where the case had "dragged on for over a year and a half."). Regarding the third factor, there is no indication in the record that declining to dismiss the case would prejudice the defendants. Next, public policy favoring disposition of cases on their merits weighs against dismissal. See Ghazali, 46 F.3d at 53.
 
 
 9
 Regarding the fifth factor, the court clearly had less drastic sanctions available. At no time did the court warn Garacci that he had to file an opposition or risk dismissal. Cf. Ferdik, 963 F.2d at 1261 ("a district court's warning that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). Moreover, because the local rule at issue here is permissive rather than mandatory, the district court was not bound to dismiss the action. Cf. Ghazali, 46 F.3d at 53 (concluding that the court did not abuse its discretion by dismissing the action where the local rule provided that failure to oppose the motion "shall constitute a consent to the granting of the motion.") (emphasis added). Accordingly, we conclude that the court abused its discretion by dismissing Garacci's action pursuant to its local rules. Cf. id. at 54. We vacate the district court's order and remand with instructions to proceed with Garacci's action consistent with this memorandum disposition.[2]
 
 
 10
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Garacci's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, Garacci asserts that he handed prison officials his opposition to defendants' motion to dismiss in a timely manner, but that the prison officials failed to mail the opposition to the district court. There is some support in the record for this assertion. In Garacci's affidavit regarding service of process for the motion for default, Garacci swears that he served the motion for default as well as his opposition to the defendants' motion to dismiss on February 19, 1996
 
 
 [2]
 Garacci's motion for injunctive relief is hereby denied