Ernesto Mendez LOPEZ, Petitioner—Appellant,

v.

G.J. GIURBINO, Respondent—Appellee.

No. 01–56553.

D.C. No. CV–01–00012–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 12, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM**

Ernesto Mendez Lopez, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition, challenging his conviction by guilty plea for second degree murder. The district court dismissed the petition as untimely under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253.[1] We review de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we reverse and remand for further proceedings consistent with this opinion.

Lopez contends that prison lockdowns constitute an extraordinary circumstance

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Respondent contends that Lopez did not timely file his notice of appeal ("NOA"). Be-

cause petitioner was a pro se prisoner at the time, his NOA was constructively filed when delivered to prison authorities for filing. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Koch v. Ricketts,* 68 F.3d 1191, 1193 (9th Cir.1995). As Lopez delivered his NOA to prison authorities before the deadline for filing, it is deemed timely filed.

entitling him to equitable tolling of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations. This claim is not persuasive. Lopez fails to allege how long these lockdowns lasted or how they prevented him from filing a timely petition. *See Miles v. Prunty,* 187 F.3d at 1107 (permitting equitable tolling only when external forces, not petitioner's lack of diligence, account for failure to file timely claim).

Lopez next contends that his attorney's failure to file a notice of appeal from his conviction deprived him of the right to the effective assistance of counsel and therefore constitutes an extraordinary circumstance. This claim also fails. Counsel's failure to file a notice of appeal from the initial judgment is not an extraordinary circumstance warranting equitable tolling. *See id.*

Finally, Lopez, who does not understand English, claims that he understood from his interpreter that he was pleading guilty in exchange for a determinate sentence of 18 years. Therefore, he contends, the one-year limitations period should run from the date of his discovery that he was actually sentenced to 18 years to life. *See* 28 U.S.C. § 2244(d)(1)(D). As the record on appeal is not sufficient to determine the accuracy of the translation provided or when with the exercise of due diligence Lopez could have discovered his actual sentence, we remand for further factual findings on this issue. *See Hasan v. Galaza,* 254 F.3d 1150, 1154–55 (9th Cir.2001).

REVERSED and REMANDED.