**TAI HUYNH, Plaintiff-Appellant,**

**v.**

**E. CALLISON; et al., Defendants-Appellees.**

**No. 14-16100**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2017 San Francisco, California

Filed June 30, 2017

Ewa M. Davison, Ph. D., Fenwick & West LLP, Seattle, WA, Adam Michael Lewin, Fenwick & West LLP, San Francisco, CA, Emmett Charles Stanton, Attorney, Yixin Zhang, Fenwick & West LLP, Mountain View, CA, for Plaintiff-Appellant

Christopher J. Becker, Esquire, Deputy Attorney General, Joseph R. Wheeler, Esquire, AGCA-Office of the California Attorney General, Sacramento, CA, for Defendants-Appellees

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,* District Judge.

MEMORANDUM **

In his 42 U.S.C. § 1983 action, Tai Huynh appeals (1) the district court's denial of his request for appointment of counsel and (2) the district court's grant of summary judgment to Defendants and the dismissal of part of his claim as self-inflicted. We vacate and remand for further proceedings.

■ Because there is a question as to whether Huynh's appeal was timely filed, we must first determine whether we have jurisdiction. We conclude that the record is sufficiently developed for us to determine whether the appeal was timely filed. We find that the appeal was timely filed under the "prison mailbox rule." *See* Fed. R.

App. P. 4(c)(1). The declarations Huynh submitted sufficiently set forth the date the appeal was deemed filed. *See Koch v. Ricketts*, 68 F.3d 1191, 1193 (9th Cir. 1995).

■ The magistrate judge's order denying appointment of counsel "failed to articulate [the] reasons for denying [Huynh's] request." *Solis v. Cty. of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008). Nor does the record otherwise clearly provide the reasons why Huynh's request for counsel was denied. *Cf. Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). Thus, "we cannot determine on appellate review whether [the] denial constituted an abuse of discretion." *Solis*, 514 F.3d at 958. Further, at the time of the denial of the appointment of counsel: (1) we had previously concluded that Huynh's second amended complaint may have stated an Eighth Amendment injury, *see Tai Huynh v. Hubbard*, 471 Fed.Appx. 591 (9th Cir. 2012); (2) the medical release form issued by the California Department of Corrections and Rehabilitation indicated that failure to take tuberculosis medication could result in multidrug-resistant tuberculosis; (3) Center for Disease Control fact sheets provided warnings regarding the failure to take all of the prescribed medications; and (4) in *Hill v. Marshall*, 962 F.2d 1209, 1211, 1214-15 (6th Cir. 1992), the Sixth Circuit determined that inconsistent treatment could put a patient at greater risk.

■ To determine whether "exceptional circumstances" exist to appoint counsel to Huynh, we "must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' " *See Palmer v.*

---

* The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam)). As we previously determined, there may be merit to Huynh's claim. Additionally, the medical issues raised in this matter are complex. The record demonstrates that Huynh has little ability to articulate his claims without the benefit of counsel to properly challenge Defendants' expert. *See id.* Therefore, on remand, the district court is directed to appoint counsel to represent Huynh. If current pro bono counsel are able and willing to accept the assignment, they should advise the district court following issuance of the mandate by this court.

Accordingly, the district court's summary judgment and dismissal of Huynh's § 1983 claims are necessarily vacated. *Cf. Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824-26 (9th Cir. 1991).

Costs on appeal are awarded to Huynh.

**REVERSED, VACATED, and REMANDED.**