**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DE'MARIAN CLEMONS, | No. 17-15267 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00093-RFB-NJK |
| v. | |
| TANYA HILL, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Argued and Submitted November 13, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,[**] District Judge.

De'Marian Clemons suffered an ankle injury while incarcerated. He filed a 42 U.S.C. § 1983 suit against various prison officials and employees, alleging he received improper medical care and was retaliated against when he subsequently filed grievances. Clemons was permitted to carry on his suit *in forma pauperis*, but

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

the district court twice declined to appoint counsel: once at the outset of the litigation and again in the midst of discovery. The Attorney General of Nevada accepted service for all defendants except former Associate Warden Cheryl Burson, as she was no longer an employee of the Nevada Department of Corrections. The district court ultimately dismissed Burson from the case because she had not been properly served. The court also dismissed or granted summary judgment in favor of the defendants on all of Clemons' claims, except his retaliation claim against Tanya Hill. At trial, a jury found in favor of Hill on the sole surviving claim. Clemons challenges the decision not to appoint counsel, to dismiss Burson, and to grant summary judgment as to two other defendants.

**1.** A plaintiff proceeding *in forma pauperis* "must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service." *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). We need not decide whether that holding is reconcilable with the 1993 Amendments to Federal Rule of Civil Procedure 4. We assume that Clemons was required to request service before the court must order the U.S. Marshals to do so.

Nevertheless, under the circumstances of this case, it was impossible for Clemons to serve Burson himself because he did not know her address and the Nevada Attorney General would only disclose it under seal to the district judge.

2

Because Clemons, who was proceeding *pro se* and *in forma pauperis*, did not and could not access this address, the district judge should have inquired if he wanted the court to order the Marshals to effect service. The district court is directed to allow Clemons to make such a request on remand.

**2.** "A district court's refusal to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) is reviewed for an abuse of discretion." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A court is authorized to appoint counsel to any person unable to afford counsel upon a finding of "exceptional circumstances." *Id.* "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together . . . ." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The district court abused its discretion in declining to appoint counsel. Not only did the district court fail to consider the likelihood of Clemons' success on the merits, but it improperly discounted the complex legal issues presented in this case. Without counsel and while incarcerated, Clemons was expected to locate a medical expert willing to submit an affidavit on his behalf, manage discovery for his multi-

party multi-claim lawsuit, and conduct a full trial. Under these circumstances, the district court's conclusion that Clemons could adequately represent himself was an abuse of discretion. The district court is directed to appoint counsel to represent Clemons. If current pro bono counsel are able and willing to accept the assignment, they should advise the district court following issuance of the mandate by this court.

**3.** Because the district court should have appointed counsel earlier in the proceeding, the dismissal of Francisco Sanchez due to Clemons' failure to file a supporting medical affidavit, the grant of summary judgment as to defendants Brian Williams and Cheryl Dressler, and the verdict in favor of Tanya Hill are all vacated. *See Huynh v. Callison*, 700 F. App'x 637, 639 (9th Cir. 2017). Clemons must be permitted to relitigate all of his claims with the assistance of counsel.

**REVERSED IN PART, VACATED IN PART, and REMANDED.**